SOLOMON S. STEWART v. BENJAMIN F. PETITT.

[48 South. 5.]

1. JUSTICE OF THE PEACE. *Suit before. When begun.*

An action is not begun before a justice of the peace until the issuance of a summons therein, although a statement of the cause of action had been previously filed, where plaintiff requested the justice not to issue summons thereon at once.

2. SAME. *Code* 1906, §§ 687, 728.

Code 1906, § 728, providing that the filing of a declaration in the circuit court shall be the commencement of an action if a summons shall be issued thereon for defendant, if extended to justices' courts by Code 1906, § 687, has no application where the plaintiff directed a postponement of the issuance of a summons.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Petitt, appellee, was plaintiff in the court below; Stewart, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The defense was predicated of the three years statute of limitations barring suits on open accounts, and the question turned upon when the suit was begun. The other facts are stated in the opinion of the court.

*Mitchell & Mitchell,* for appellant.

The general rule, except where it is otherwise provided by statute, is that an action is commenced, so as to stop the running of the statute of limitations, from the time the summons or other process is issued. *Christian v. O'Neal,* 46 Miss. 672, 25 Cyc. 1282; *Flournoy v. Lyon,* 70 Ala. 308; *Fairbanks v. Farwell,* 141 Ill. 354; *Belck v. Belck,* 97 Ind. 13. Angel on Limitations, 392, § 312.

Especially is this true in justice of the peace courts. 24

Cyc. pp. 512 and 513; 12 Am. & Eng. Ency. of Law '(1st ed.), 431.

In Murfee's Justice Practice, § 312, is the following statement of the law as applied to justice of the peace courts: "It is sometimes a question of interest to the parties, especially in view of the statute of limitations, when a suit is legally commenced in the court of a justice. The mere filling out of a summons which is then left in the justice's office until the return day, or which is taken by the plaintiff and retained in his own custody, is not the commencement of a suit. The writ must not only be made out but must be issued, with the intent that if practicable, it shall be served. It is not issued if it is delivered to the plaintiff, who retains it in his own hands." *Howell v. Shepard,* 48 Mich. 472; *Gardner v. Weber,* 17 Pick. (Mass.) 407, 412.

There is absolutely no conflict of the authorities on these propositions. An examination of our statute shows, that so far as justice of the peace courts are concerned, these general rules will apply. Code 1906, § 728, provides that the filing of a declaration shall be the beginning of a suit in the circuit court provided a summons issues thereon and the suit shall be deemed to have commenced from the date of filing the declaration. Code 1906, § 2730, provides how suits shall be begun in justice of the peace courts. The party desiring to institute suit shall lodge with the justice the evidence of the debt, statement of account or other written statement of the cause of action, and thereupon the justice shall issue a summons for the defendant, etc.

We call especial attention to the fact that there is no provision in this section, as in section 728, that the suit shall be deemed begun from the date of filing of the written statement.

It seems that the legislature in enacting section 728 realized that no suit would be begun by the filing of a declaration unless provided by statutory enactment, and as no such provision is made in section 2370, the general rule will apply.

*C. A. Bratton,* for appellee.

This court has held that in the circuit court an action is begun on the filing of the declaration. *Kelly v. Harrison,* 69 Miss. 856, 12 South. 261. Code 1880, § 1522, declared, as does Code 1906, § 728, the manner of commencing an action in any of the circuit courts of this state shall be by filing, in the office of the clerk of such court, a declaration on which a summons for the defendant shall be immediately issued; and an action shall for all purposes be considered to have been commenced and to be pending, from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and if not executed, like process in succession shall be issued in good faith for the defendant. Under the chapter on Justices of the Peace, Code 1906, § 2730, headed "How Suit Begun in Civil Cases" declares that "Any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action; and thereupon the justice shall issue a summon for the defendant returnable to the next term of his court, etc." It is true this statute does not say in words, as does section 728, "and an action shall for all purposes be considered to have commenced and to be pending from the filling of the declaration," but does declare that the suit is begun by the filing of the evidence of debt, statement of account or other written statement of the cause of action.

The case of *Christian v. O'Neal,* 46 Miss. 672, cited by counsel for appellant is not in point. The rule as to when suits are begun in justice of the peace courts is now entirely different to the practice under Code 1857.

HARPER,[*] Special Judge, delivered the opinion of the court.

Pettit sued Stewart to recover on a contract that became due

[*] One of the judges of the court being unwell, William R. Harper, Esq., a member of the supreme court bar, was appointed and presided in his place in the trial and decision of this case.

on January 15, 1904. On January 9, 1907, Pettit presented his claim to the justice of the peace, and asked him to file the same, but directed him not to issue summons until he heard further from him. The summons was not issued, as a matter of fact, until January 28th. There is some conflict and uncertainty in the testimony as to the time when Pettit directed the justice of the peace to issue summons, appellant contending that the direction was not given until after January 15th; but both concede that it was some days after the filing of the claim, to wit, January 9th.

The general rule seems to be clearly settled that a suit is not commenced until summons has been issued, and hence this suit was barred, unless prevented by our statute, Code 1906, § 728, on the bringing of suits, which is as follows:

"Except in cases in which it is otherwise provided, the manner of commencing an action in the circuit court shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have been commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, may be issued, in good faith, for the defendant."

It will be seen that the statute provides that the commencement of the suit shall date from the time of filling the claim or demand provided the summons shall be immediately issued. In the instant case the summons was not immediately issued, but was deliberately delayed by express order and direction of the plaintiff. Under such circumstances we are clear that the commencement of the suit cannot relate back to the time of the filing of the claim, but must be referred to the date of the issuance of the summons itself. The statute must be strictly complied with; otherwise the usual rule of law as to the commencement of suits must govern. Under our view of the law, it makes no difference when the direction for the issuance of the summons

was given, as the commencement of the suit must date either from the filing of the instrument itself, or from the actual issuance of the summons in good faith, and with intent that the same should be promptly served.

The judgment of the court below is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

*Reversed.*