CITIZENS' BANK v. RATLIFF & BRADSHAW.*

(Division A. April 26, 1926.)

[108 So. 146. No. 25467.]

1. JUSTICES OF THE PEACE. *Proceeding by certiorari to remove cause from justice court to circuit court is not commencement of suit, but more in nature of writ of error to have record of cause begun in inferior court reviewed (Code 1906, section 90 [Hemingway's Code, section 72]).*

Proceeding by *certiorari* to remove a cause from justice court to circuit court is not commencement of a suit, but more in nature of a writ of error to have reviewed record of cause determined in inferior court, and right to such writ is regulated by Code 1906, section 90 (Hemingway's Code, section 72).

2. JUSTICES OF THE PEACE. *Failure to issue summons on garnishee after securing writ of certiorari within proper time, after claim of exemption had been allowed, and issuing summons only for judgment defendant, held not to bar proceedings as to garnishee, since petition and bond were filed and writ issued within statutory limits (Code 1906, sections 90, 728 [Hemingway's Code, sections 72, 511]).*

Where, on return to writ of garnishment, claim of exemption was allowed, and plaintiff secured writ of *certiorari* within proper time, issuing summons only for judgment defendant, failure to issue summons on garnishee within six-month statutory limit *held* not to bar proceedings as to him under Code 1906, section 90 (Hemingway's Code, section 72), since petition and bond were filed and writ issued within statutory limit; Code 1906, section 728 (Hemingway's Code, section 511), not applying to *certiorari* proceedings.

3. JUSTICES OF THE PEACE. *Judgment creditor, having issued certiorari within statutory limit after allowance of exemption on return to writ of garnishment held not estopped to prosecute writ because garnishee had paid out money in its hands before filing petition (Code 1906, section 90 [Hemingway's Code, section 72]).*

Judgment creditor, having issued writ of *certiorari* after exemption had been allowed on return to writ of garnishment, was not estopped to prosecute the writ because garnishee had paid out money in its hands before filing petition for *certiorari*,

where proceeding was begun within limit required under Code 1906, section 90 Hemingway's Code, section 72.

*Corpus Juris-Cyc References: Justices of the Peace, 35CJ, p. 860, n. 24, 26 New; p. 869, n. 20 New; p. 878, n. 80.

APPEAL from circuit court of Washington county. HON. S. F. DAVIS, Judge.

Garnishment proceeding by Ratliff & Bradshaw wherein the Citizens' Bank was garnished. From a judgment for plaintiff against the garnishee, the garnishee appeals. Affirmed.

*Watson & Jayne,* for appellant.

In section 72, Hemingway's Code, controlling *certiorari* proceedings, it is provided that "the clerk of the circuit court on the issuance of a *certiorari* shall issue a summons for the party to be affected thereby." In the motion of the Citizens Bank, garnishee, to dismiss the proceedings one fundamental ground relied upon was that the proceedings were not sued out within the time required by said section 72, Hemingway's Code. In support of this ground for dismissal, we will here discuss the question as to when a suit is really commenced.

It is uniformly held in Mississippi that a suit is not commenced until the declaration is filed, process issued and handed to the proper officer to be served. Section 511, Hemingway's Code; *Stewart* v. *Pettitt,* 94 Miss. 769, 48 So. 5; *Lamkin* v. *Nye,* 43 Miss. 241. Also, see, *Kelly* v. *Harrison,* 69 Miss. 856, 12 So. 261.

In the instant case there was no summons issued for appellant, Citizens Bank, garnishee, until March 24, 1925, six months and twenty-two days after the filing of the petition for the writ of *certiorari* and eighty-four days after the December, 1924, term of the circuit court had closed, thereby placing the actual issuance of the summons for appellant well beyond the six months limitation provided in said section 72, Hemingway's Code, as to this appellant.

We submit that appellees, being dissatisfied with the judgment rendered by the justice of the peace on the exemption feature should have appealed the case within the ten days provided by law. The appellant acted upon such failure to appeal and prior to the filing of the petition for *certiorari* paid out the money under the judgment of the justice of the peace.'

The doctrine of *laches* should prevail against appellees in this case for it is shown by the whole record that appellees at all times failed, declined and refused to comply with the provisions of section 72, Hemingway's Code until after the limitation had expired and until long after the money had been paid out under order of the court.

*J. M. Cashin,* for appellees.

The principle contention urged for reversal seems to be that no summons was issued for the garnishee in the *certiorari* proceeding within six months from the date of the judgment in the justice of the peace court sought to be reviewed by the proceeding, and that in consequence thereof the circuit court was without jurisdiction of the proceeding. As to this the record shows that the judgment of the justice of the peace was rendered on August 14, 1924, and was removed to the circuit court by the writ of *certiorari* on September 2, 1924, nineteen days after the rendition of the judgment sought to be reviewed. This was certainly well within the six months allowed by section 72, Hemingway's Code, for the removal of cases to the circuit court by *certiorari* proceedings.

But appellant contends that by virtue of section 511, Hemingway's Code, a *certiorari* proceeding shall not be considered as commenced or pending until summons is issued for the party to be affected by the proceeding. There is no merit in this contention and section 511, Hemingway's Code, has no application to *certiorari* proceedings.

A *certiorari* is not the commencement of an action and is not within the purview of section 511, Hemingway's Code. Indeed, such a proceeding is not an "action" at all, and is not embraced within the definition of an action. It is not an action any more than it is a writ of error, but is a special proceeding. See Words & Phrases, p. 132, citing *People* v. *Oswego County Court of Sessions* (N. Y.), 2 Thomp. & C. 431-433.

The judgment of the justice of the peace allowing the exemption was clearly erroneous. The record and judgment of the justice of the peace in said matter being brought up to the circuit court by the writ of *certiorari* for review, the circuit court being confined to the examination of questions of law appearing or arising on the face of the record of the proceedings, and the circuit court being required in case of reversal to enter up such judgment as the justice of the peace should have rendered, the same being apparent from the record, it seems clear that the judgment appealed from in this case is correct and without error.

Cook, J., delivered the opinion of the court.

On July 26, 1924, upon a judgment previously rendered in the justice court, the appellees secured the issuance of a writ of garnishment against the appellant, Citizens' Bank, returnable on August 14, 1924. On the return day the garnishee filed its answer admitting an indebtedness to the judgment defendant of fifty dollars and sixty-seven cents, evidenced by an ordinary commercial deposit in said bank, and suggested in its answer that the judgment defendant was "a married man, and that such deposit was exempt to said defendant as the head of a family." The appellees failed to appear in the justice court on the return day of this writ of garnishment, but the judgment defendant appeared and filed a claim for exemption, which was allowed, and the garnishee discharged.

On September 2, 1924, upon proper petition, the appellees secured the issuance of a writ of *certiorari* directing the justice of the peace to send up to the circuit court the record in said cause. Upon the filing of this petition and the issuance of the writ of *certiorari,* a summons was issued for the judgment defendant returnable to the December term of the circuit court, but no summons was then issued for the garnishee. At the December term of the circuit court, the judgment defendant filed a motion to dismiss the *certiorari* proceedings, and, upon the hearing, the court overruled this motion and denied the exemption claimed, but entered a judgment against the judgment defendant for the sum admitted by the garnishee to be due him.

On March 24, 1925, a summons was issued for the garnishee, citing it to answer the *certiorari* proceedings at the June term of the circuit court, and at the June term the garnishee appeared and filed its motion to dismiss said proceedings as to it, setting up as the ground for dismissal that said cause was not filed as to the garnishee within the six-month period of time allowed by statute for the filing of *certiorari* proceedings. This motion was overruled, and thereupon the garnishee filed its plea or answer to the petition for *certiorari,* setting up that, after the appellees failed to appeal from the judgment of the justice of the peace, and before the filing of the petition for *certiorari,* the garnishee had paid to the judgment defendant the amount admitted by its answer to be due him, and that the appellees were estopped by reason of this failure to appeal or take other action before this money was paid out. A demurrer to this plea was sustained, and final judgment entered against the garnishee for the said sum of fifty dollars and sixty-seven cents, and from this judgment the garnishee prosecuted this appeal.

There is no contention that the judgment of the justice court allowing the exemption was correct, but the principle ground for reversal urged by appellant is that it was not summoned to answer the *certiorari* proceedings

within six months after the date of the judgment sought to be reviewed, and, consequently, this proceeding was not begun within the time allowed by section 90, Code of 1906 (Hemingway's Code, section 72).

Section 728, Code of 1906, (Hemingway's Code, section 511), provides that in all cases in which it is not otherwise provided "the manner of commencing an action in the circuit court shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have been commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant."

In the case of *Stewart* v. *Petitt*, 48 So..5, 94 Miss. 769, it was held that, in order to bring a suit within this statute, its terms must be strictly complied with by the prompt issuance of a summons, and that, if the issuance of a summons is delayed, the commencement of the suit cannot be related back to the time of the filing of the declaration or claim, but must be referred to of the date of the issuance of the summons itself. The appellant contends that this section controls in *certiorari* proceedings, and that, since summons for one of the parties to be affected by this proceeding was not issued immediately ·after the filing of the petition, but was delayed until the expiration of the six-month period of limitation provided by statute, the proceedings cannot be construed to have been commenced within the statutory limitation.

A proceeding by *certiorari* to remove a cause from from the justice court to the circuit court is not in any true sense the commencement of a suit. It is more in the nature of a writ of error to have reviewed the record of a cause begun in an inferior court, and the right to this writ is regulated by section 90, Code of 1906 (Hemingway's Code, section 72), which provides that—"All cases decided by a justice of the peace, whether exercis- in general or special jurisdiction, may, within six months thereafter, on good cause.shown by petition, supported by affidavit, be removed to the circuit court of the

county, by writ of *certiorari*, which shall operate as a *supersedeas*, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace . . . The clerk of the circuit court, on the issuance of a *certiorari*, shall issue a summons for the party to be affected thereby."

Under this section *certiorari* proceedings are begun by the filing of a sworn petition, supported by a proper bond, and the issuance of a writ directed to the inferior tribunal. In the latter part of the section, it is provided that, after the issuance of the writ, summons shall be issued for the party to be affected thereby, but the failure to issue this summons within the statutory limit of six months will not bar the proceedings where the proper petition and bond is filed, and the writ issued, within the time limit.

A *certiorari* proceeding may be begun at any time before the expiration of the six-month period allowed by statute, and, in the case at bar, the petition and bond were filed and the writ issued well within the statutory limit, and there is no merit in the contention that appellees are estopped to prosecute the writ by reason of the fact that appellant had paid out the money in its hands before the filing of the petition.

The judgment of the court below will therefore be affirmed.

*Affirmed.*