Erving's Hatcheries, Inc. *v.* Garrott

No. 43166 October 19, 1964 168 So. 2d 52

*Lomax B. Lamb, Jr.,* Marks, for appellant.

*Ben M. Caldwell,* Marks, for appellee.

BRADY, TOM P., J.

This is an appeal from the Circuit Court of Quitman County, Mississippi, wherein a judgment was rendered in favor of William Johnson Garrott, the appellee, on the ground that the suit of the appellant, Erving's Hatcheries, Inc., against appellee was barred by the Mississippi three year statute of limitations. The lawsuit was originally filed by the appellant on an open account in which the appellant alleged that the appellee purchased chickens from the appellant and had failed or neglected to pay for the same. The appellant was the supplier of chickens to the public for various purposes and the appellee was in the business of purchasing chickens and raising them to lay eggs for the purpose of selling the eggs to the public. From a judgment of the said Circuit Court in favor of William Johnson Garrott, appellee, the appellant, Erving's Hatcheries, Inc., prosecutes this appeal.

The appellee, William Johnson Garrott, hereinafter called Garrott, purchased from the appellant, Erving's Hatcheries, Inc., hereinafter called Erving's, five thousand pullets on or about June 25, 1959, at a total cost of $8,000. There was paid on the purchase and credited to Garrott's account the sum of $5,500. Additional purchases were made by Garrott totaling $175, so that the balance due and owing was $2,675. Erving's brought suit against Garrott for the balance of $2,675, which Erving's charged had remained due and owing it by Garrott from July 1, 1959, together with interest at six percent per annum. Erving's, in its claim against Garrott, was originally represented by Hon. Eugene Thompson, an attorney of Marks, and on June 13, 1962, it appears that Mr. Thompson filed a suit for Erving's against Garrott. At the time the suit was filed Thompson went to the circuit clerk's office, but saw neither the circuit clerk, Mr. J. B. Eavenson, nor the deputy clerk, Mrs. Marie W. Eavenson. Mrs. Eavenson's daugh-

ter, Anne Eavenson, was there keeping the office open for her mother, the deputy clerk. Miss Anne Eavenson made the original entries on the court docket and marked an original and at least one copy of the declaration "Filed June 13, 1962". Later on the same day Mrs. Marie W. Eavenson, deputy clerk, placed on the original and a copy as filed, the words, "J. B. Eavenson, Circuit Clerk, by Marie W. Eavenson, D. C.", to indicate their filing, and she also numbered the original and a copy of the declaration. The case was assigned number 3382. The record discloses that Mr. Thompson told Miss Eavenson not to issue process since she lacked the authority to do so. The deputy circuit clerk stated positively that Mr. Thompson, attorney for the appellant, directed her not to issue process but to hold it and wait. Thompson testified that he told Miss Eavenson not to issue process since he realized that she lacked the authority to do so, but he could not state positively that he did not make that statement to Mrs. Eavenson. He merely said that he did not recall making it. Mrs. Eavenson, however, is quite positive that Mr. Thompson told her not to issue the summons or process and she further testified that she always issued process when cases were filed in circuit court unless she was directed not to do so. Mr. Thompson's testimony to the effect that he could not remember whether or not he told the circuit clerk not to issue process is of a negative nature when compared to the positive assertion of Mrs. Eavenson that she was told by Thompson not to issue process.

Over a year lapsed from the time of filing the lawsuit on June 13, 1962, until the process was finally issued for the appellee on July 31, 1963. The record indicates that it was issued at the request of other attorneys who had been employed and who were representing Erving's at the time in lieu of attorney Thompson. The record further shows that this process was not served on the defendant until August 2, 1963. The record further

discloses that three terms of court actually passed during this period of time, although the May Term of court was not held. The September Term and the February Term were held, the May Term being pretermitted. It appears further that this case was not called at each term of court for trial or disposition and the apparent reason is that someone, whom she thought was Mr. Thompson, had notified the deputy clerk, Mrs. Eavenson, that the case should not be on the docket after she had entered it, and therefore Mrs. Eavenson had scratched through the style and noted on the issue docket, "Erroneously on docket". Mr. Thompson did state on the stand that it was his idea to give the defendant additional time, anticipating a better settlement offer, although he did not recall any such conversation as that which Mrs. Eavenson said took place.

After attorneys, Hon. Lomax B. Lamb, Jr., and Hon. E. C. Black, got into the case representing the appellant, they endeavored to find the original declaration, which could not be located, nor could any copy thereof be located, so a subpoena duces tecum was issued for attorney Thompson to produce a copy of the original declaration. The record does not disclose what became of the original declaration and the court copy, but after process was issued at the instance of these two last named attorneys on July 31, 1963, and served on the defendant on August 2, 1963, an amended declaration, together with a copy, was filed on August 14, 1963.

On August 31, 1963, a motion to dismiss was filed by the appellee, and on September 9 a motion for subpoena duces tecum was filed by the appellant.

On September 11, the motion to dismiss was overruled and appellee was required to answer the declaration by September 14. Answer was filed on said date by appellee, who is represented by Hon. Ben M. Caldwell.

On September 16, 1963, a hearing was held in Quitman County at Marks, Mississippi, on the answer to

the declaration, which simply asserted that there was no declaration filed in the above styled and numbered case at the time the process was served upon the appellee. The answer to the amended declaration set up the fact that the statute of limitations of three years on open accounts had barred the cause of action by the appellant. Therefore, the defendant denied that he owed the sum of $2,500, the amount demanded in the amended declaration, or any sums of money from July 1, 1959.

The lower court held, though reluctantly, that under these facts it was his opinion that the statute of limitations had barred the cause of action. The testimony of Mr. Thompson and Mrs. Eavenson, when carefully evaluated and weighed, showed sufficiently that there had been an instruction on the part of attorney Eugene Thompson, who represented the appellant, that the process not be served and, in accordance with this instruction, the clerk did not issue the process. The lower court held that he had no alternative other than to sustain the motion and a judgment was prepared which the lower court executed on September 16, 1963, dismissing the case, because it has been barred by the operation of the statute of limitations.

There are only two errors assigned, which are, first, the court erred in its conclusion that the three year Mississippi statute of limitations barred a trial on the merits of the appellant's suit against appellee when the suit was filed within the three year period, although appellee was not served with process of court until after three years from the time the claim originated; and second, the court erred in its conclusion that the delay in the issuance of process on the appellee after suit was filed was attributable to appellant and that hence the three year statute of limitations was not tolled by the filing of suit against the appellee.

Section 1463 of the Code of 1942, Rec., styled "Pleadings — filing declaration the commencement of an action", provides as follows:

"Except in cases in which it is otherwise provided, the manner of commencing an action in the circuit court, shall be by filing in the office of the clerk of such court a declaration, on which a summons for the defendant shall be immediately issued; and an action shall, for all purposes, be considered to have commenced and to be pending from the time of the filing of the declaration, if a summons shall be issued thereon for the defendant, and, if not executed, other like process, in succession, may be issued, in good faith, for the defendant."

It is to be noted that the relevant and controlling parts of this statute relate to the issuance of the summons. If a suit is filed and nothing is said by the plaintiff or his attorney, the statute requires the immediate issuance of the summons as shown by these words: "the manner of commencing an action in the circuit court, shall be by filing in the office of the clerk of such court a declaration, *on which a summons for the defendant shall be immediately issued*". (Emphasis ours).

In addition to the necessity for the issuance of the summons, the statute goes further and says that the action shall be considered to have commenced and to be pending "from the time of the filing of the declaration, *if a summons shall be issued thereon.*" (Emphasis ours). It is obvious therefore that the purpose of the legislature was to make the date of the filing of the declaration the date of the commencement of the action, provided the summons was issued thereon. It follows, therefore, that the issuing of the summons, the first essential of notification to the person against whom the declaration was filed, was what actually breathed the breath of life into the cause of action. When this no-

tice was given to the defendant by the issuance of the summons, he then had a specified period of time in which to present any denial or defense which he might have to the allegations of the declaration.

Section 729 of the Code of 1942, Rec., styled, "Actions to be brought in three years", provides as follows:

"Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

 █ The limitation for the bringing of a cause of action on an open account is three years after the cause of action accrued. The record conclusively establishes the fact that this cause of action accrued or came into being on June 25, 1959. It is evident also that three years later, or on June 25, 1962, section 729, the statute of limitations, had barred the bringing of suit by plaintiff on an account. Apparently realizing that the statute of limitations was about to bar the action, or thinking possibly, as the testimony indicates, that the filing of a declaration might bring about the payment of the balance or the payment of an agreed portion of the balance, on June 13 Erving's, acting through its counsel, Hon. Eugene Thompson, filed a suit for the balance due in the sum of $2,675. Explicit instructions were given to the daughter of the deputy circuit clerk, who was in the office at the time but who was not authorized to docket cases or to issue process for service on defendants, by attorney Thompson, who concedes that he expressly told Miss Anne Eavenson not to issue summons, realizing that she was not authorized to do so, and hoping a better settlement might be effected. Subsequently, Mrs. Marie W. Eavenson, deputy clerk, by her testimony, clearly establishes the fact that attorney Thompson notified her also not to issue summons. The

lower court had the opportunity to observe the witnesses and their demeanor, hear their testimony, and reached the decision that her statement was correct because attorney Thompson would not deny making the statement but only advised that he could not recall making it. No summons having been issued on or before June 25, 1962, the statute of limitations barred the bringing of this action.

On July 31, 1963, more than a year subsequent to the filing of the declaration on June 13, 1962, service of process was issued for the defendant, appellee here, which was served on August 2, 1963. It appears further that there was no declaration or copy on file in the circuit clerk's office at the time the summons was issued. It does not appear what happened to the declaration and the copy. We do not have to decide whether or not the filing of the declaration was sufficient under the terms and conditions of section 1463, Code of 1942, since it is obvious that at the time the declaration was filed, process was stopped and no summons was issued and therefore the intent and requirement of the statute, insofar as the actual commencement of the lawsuit is concerned, by the issuance of any summons, had not been fulfilled. It is also obvious that no cause of action was actually commenced until after the statute of limitations had barred the bringing of the suit, when process was finally issued on July 31, 1963.

In Stewart v. Pettit, 94 Miss. 769, 48 So. 5, it is pointed out that the statute provides that the commencement of the suit shall date from the time of filing the claim (in justice of the peace court) or demand, provided the summons shall be immediately issued.

 █ Section 728 of the Code of 1906 is verbatim with section 1463 of the Code of 1942, Rec., thus just as it was pointed out in Stewart v. Pettit, the statute of limitations shall commence from the time of the filing of the claim or demand, provided the summons shall

be issued immediately. There was no issuance of the summons immediately and therefore the running of the statute of limitations was not tolled by the filing of the declaration on June 13, 1962. The appellant had twelve days remaining from June 13, 1962, until June 25, 1962, in which to file his claim and let process issue before the statute of limitations barred it. This the appellant failed to do and when, over a year later, on July 31, 1963, the appellant requested the issuance of a summons for the appellee, which was served on the appellee on August 2, 1963, he did not by so doing arrest or stop in any manner the operation of the statute of limitations, which had actually already run and which had barred this cause of action.

In the case of Shackelford v. New York Underwriters Ins. Co., 189 Miss. 396, 198 So. 31, two suits were filed in the Circuit Court of Prentiss County on July 1, 1939, upon insurance policy issued to the appellant, who was plaintiff below, on a stock of merchandise owned by appellant. The declaration set out the destruction of merchandise and fixtures, which occurred on April 11, 1939. On the same day the declaration was filed, to wit, July 1, 1939, process was issued by the clerk, but by error the seal of the court was not placed upon the process. On July 6 processes were served and a return made to that effect, the process being on the insurance commissioner of the state of Mississippi, Mr. John S. Williams, III. The circuit clerk noted on or about September 23, 1939 that the seal of the circuit clerk was lacking. An alias summons was issued on September 23 which was likewise served upon insurance commissioner John S. Williams, III, and return made on September 28, 1939. The summons commanded the defendants to appear at the courthouse in the town of Booneville on the second Monday of February, 1940. The first process heretofore mentioned was returned to the term of court to be held the first Monday in August, 1939. Various pleas

and steps were taken. The defendants filed a plea in abatement on February 12, 1940 alleging that there was pending in the Chancery Court of Prentiss County a prior action between the same parties, which action was commenced prior to the commencement of the above styled case involving the same subject matter and the same cause of action. The plaintiff filed a replication denying that at the time of the commencement of the above styled cause by the plaintiff in the Circuit Court of Prentiss County, Mississippi, there was then pending in the Chancery Court of Prentiss County a prior action or any action between the same parties. This question and others turned upon when the cause of action was actually begun in the Circuit Court of Prentiss County. The court properly held that the action in the circuit court commenced by filing of a declaration and that upon so doing the clerk of the court must issue process immediately if process is not directed to be held up by the party filing. The court held further that a party who commences action in the circuit court by filing a declaration can assume that the clerk of the court will perform his statutory duty of issuing summons immediately and the party will not be deprived of his right accruing from the filing of the suit until such reasonable time as he would be called upon to institute some proceeding to compel compliance with the law by the clerk. The court held in this case that the failure of the circuit clerk to place the court seal on the process, and properly sealed process was not served on the defendant until after the defendant had commenced suit in chancery court to cancel the policy, was not grounds for sustaining the plea in abatement of the defendant, especially where the defendant had knowledge of the filing of suit in the circuit court and of the clerk's mistake or error. This case likewise points out that the process must issue immediately if process is not directed to be held up by the party filing it. In the case at bar,

the attorney representing the appellant notified the clerk not to issue process. More than a year lapsed from the time the declaration was filed in the circuit clerk's office. By no stretch of the imagination can it be said that suit was actually begun on June 13, 1962 when no process was issued until July 31, 1963 and three terms of court had passed, the last one of which was preter- █ The law expects litigants and their attorneys to be diligent in the prosecution of their cases █ and this Court does not have the authority or right under section 729 and section 1463 of the Code of 1942, Rec., to read into these two sections the interpretation which is requested by the appellant in order to hold that his suit was instituted prior to the time it was barred by the statute of limitations.

 █ It appears that where an earnest effort has been made on the part of the plaintiff to have process issued, in that the plaintiff assumed, as he has the right to do, that the clerk would immediately issue process, or that plaintiff went further and notified the clerk to promptly do so, the basic requirement of the statute, insofar as the commencement of suit is concerned, has been met. This is true even though perfect process was not issued or returned. Where the summons was attempted to be issued at the time the declaration was filed, though there be a defect, the time of the institution of the suit is nevertheless thereby fixed by the attempted issuance and return of the summons. █ This also applies where the process was issued immediately, though served on someone other than the designated agent for the receiving of service of process. Wood v. Peerey, 179 Miss. 727, 176 So. 721; Frederick Smith Enterprise Co., Inc. v. Lucas, 204 Miss. 43, 36 So. 2d 812; Jordan v. Bosworth, 123 Ga. 879, 51 S.E. 755; White v. Reed, 60 Mo. App. 380; McFarland v. McFarland, 151 Ga. 9, 105 S.E. 596; Franz v. Radeackar,

264 S.W. 97 (Mo. App.); Green v. Ferguson, 184 S.W. 2d 790 (Mo. App.); see Anno., 27 A.L.R. 2d 236 (1953).

After a careful study of the authorities and under the facts as found by the experienced circuit judge, we fail to find any error of fact or law and therefore the judgment of the lower court is hereby affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Gillespie and McElroy, JJ.,* concur.