654 So.2d 503 (1995)
Linder ERBY
v.
John W. COX, M.D., Thomas D. Wooldridge, M.D., James M. Cooper, M.D., and Jimmy L. Hamilton, M.D.
No. 92-CA-00146-SCT.
Supreme Court of Mississippi.
April 20, 1995.
*504 Dorothy Winston-Colom, Wilbur O. Colom, Christopher D. Hemphill, Colom & Colom, Columbus, for appellant.
Taylor B. Smith, Mitchell McNutt Threadgill Smith & Sams, Columbus, Robert K. Upchurch, Thomas Wicker, Holland Ray & Upchurch, Tupelo, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
McRAE, Justice, for the Court:
Linder Erby appeals the Lee County Circuit Court's January 29, 1992, grant of summary judgment in favor of Drs. John Cox, Thomas Wooldridge, James Cooper and Jimmy Hamilton. Her claim against these parties arose from her father's death in the hospital several days later after undergoing kidney surgery.[1] Erby raises the following issue on appeal:
Whether the filing of a medical malpractice complaint commences the civil action and tolls the two year statute of limitation pursuant to Miss. Code Ann. § 15-1-36 where service of process was within 120 days after the complaint was filed?
Finding that the trial court erred in applying the statute of limitations to this cause of action, we reverse for trial on the merits.

FACTS
On August 26, 1987, Erby's father, J.C. Cannon, who had a history of insulin dependent diabetes, was admitted by Dr. Cox to the hospital for evaluation of chronic renal failure. Insulin for Cannon was discontinued on August 28, 1987, prior to surgery. The next day, after surgery, Cannon was unresponsive and became comatose. It appeared that he had slipped into a diabetic coma. He died on September 3, 1987. The cause of death was listed as cerebral vascular accident due to or as a consequence of diabetes.
On August 25, 1989, Erby filed a medical negligence claim against North Mississippi Medical Center as well as various doctors and nurses based on the failure to check Cannon's blood sugar level during his stay in the hospital, and to monitor his glucose levels prior to, during and after surgery. Summons were mailed by the plaintiff's attorney at this time for all the defendants, approximately 105 days after the complaint was filed. Process was not served until December 8, 1989, for all the doctors.
On September 3, 1991, approximately one year and seven months later, Doctors Cox, Wooldridge, Cooper and Hamilton filed Motions for Summary Judgment alleging that this action and process were untimely pursuant to Miss. Code Ann. § 15-1-36.
Erby responded on December 3, 1991, asserting that there were factual issues in dispute and that summary judgment was inappropriate. After a hearing, the lower court rendered its final judgment on January 29, 1992, granting summary judgment to the doctors solely on the issue of the statute of limitations. The court stated that the defendants were served on December 8, 1989, and that the cause of action accrued on September 3, 1987. Further, the court found that the plaintiffs offered no justification for the delay of 105 days to serve the defendants after the filing of the complaint on August 25, 1989. Thereafter, Erby timely perfected this appeal.

LAW

Whether the filing of a medical malpractice action commences the suit under Miss. Code Ann. § 15-1-36 when service of process was had some months later, but still within the 120-day window under M.R.C.P. 4(h)?
We are confronted today with Mississippi Rules of Civil Procedure Rules 3(a) and 4(h). Rule 4(h) allows 120 days to obtain service of process on a defendant after the filing of the lawsuit pursuant to Rule 3(a). Specifically, Rule 4(h) provides as follows:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was *505 required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
Civil actions are commenced by the filing of a complaint with the court pursuant to Rule 3(a). In this case, the suit was filed on August 25, 1989, clearly within the limits of the two-year statute of limitations, provided for in Miss. Code Ann. § 15-1-36, and after the September 3, 1987, date on which the trial judge said the cause of action had accrued. Since process was not issued or obtained on the defendants until December 8, 1989, approximately 105 days later, does the simple filing of the complaint without process being issued toll the statute of limitations? We answer in the affirmative.
Erby's service of process falls squarely within the allowable time frame in which to serve a summons. Rule 4(h) provides that service of process should be made upon a defendant within 120 days after the filing of the complaint. Clearly the defendant doctors were served within 105 days, well within the range of the 120 days required by the rule. It does not matter under our rule whether the defendant is served within the first week or within 120 days as the rule does not specify except to say that the case shall be dismissed if the plaintiff cannot show good cause why service was not obtained.
In Estate of Schneider v. Schneider, 585 So.2d 1275 (Miss. 1991), we held that the filing of a complaint in a will contest tolls the applicable statute of limitations. The Schneider court overruled In re: Estate of Stanback, 222 So.2d 660 (Miss. 1969), which held that the mere filing of a bill of complaint did not toll a statute of limitations when the clerk had not been furnished with sufficient information to enable him to issue process upon the interested parties.
In conclusion, the decedent's daughter filed suit well within the prescribed limitations under Miss. Code Ann. § 15-1-36, and process was timely served pursuant to M.R.C.P. 4(h). Thus, the trial court erred in dismissing the complaint against the defendant doctors, Cox, Wooldridge, Cooper and Hamilton. Accordingly, we reverse and remand for trial on the merits.
REVERSED AND REMANDED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
HAWKINS, C.J., and JAMES L. ROBERTS, Jr., J., not participating.
NOTES
[1] In the companion case, Erby v. North Mississippi Medical Center, No. 91-CA-00920-SCT (March 30, 1995), this Court reversed the trial court's grant of summary judgment in favor of North Mississippi Medical Center.