676 So.2d 252 (1996)
Willis B. FORTENBERRY
v.
MEMORIAL HOSPITAL AT GULFPORT, INC.; James Mitchell, M.D.; SMB Radiology; and A.K. Martinolich, Jr., M.D.
No. 92-CA-00899-SCT.
Supreme Court of Mississippi.
May 30, 1996.
*253 Michael W. Crosby, Gulfport, MS, for appellant.
William M. Rainey, Franke Rainey & Salloum, Gulfport, MS, Billy W. Hood, Allen Vaughn Cobb & Hood, Gulfport, MS, Rodney D. Robinson, Allen Vaughn Firm, Gulfport, MS, Roger T. Clark, Byrant Clark Dukes Blakeslee Ramsay & Hammond, Gulfport, MS, for appellee.
Before DAN M. LEE, C.J., and McRAE and SMITH, JJ.
SMITH, Justice, for the Court:
Willis Fortenberry filed a complaint in the Circuit Court of Harrison County, First Judicial District against Dr. James Mitchell, SMB Radiology, and Memorial Hospital at Gulfport, alleging medical negligence, the basis of which was the failure to diagnose the presence of a tumor during an emergency room admission on May 23, 1989, and for failure to treat that condition. He did not serve process upon the defendants before the Miss. Code Ann. § 15-1-36 (Rev. 1995) two-year statute of limitations expired.[1] Therefore, the trial judge granted summary judgment in favor of the defendants. Aggrieved, Fortenberry appeals to this Court alleging the following issues:
I. WHETHER OR NOT THE FILING OF A COMPLAINT WITH THE SPECIFIC INSTRUCTION TO THE CLERK TO WITHHOLD ISSUING PROCESS TO ANY DEFENDANT WAS SUFFICIENT TO TOLL THE RUNNING OF MISS. CODE ANN. § 15-1-36 (REV. 1995), THE APPLICABLE STATUTE OF LIMITATION FOR MEDICAL MALPRACTICE ACTIONS.
II. WHETHER OR NOT THE STATUTE OF LIMITATIONS FOR APPELLANT'S CLAIM BEGAN THE DATE FORTENBERRY'S TUMOR WAS DIAGNOSED OR WHETHER IT RAN FROM THE DAY THAT THE TISSUE REPORT WAS RECEIVED?
We find that Erby v. Cox, 654 So.2d 503 (Miss. 1995) is exactly on point. We also find that Fortenberry demonstrated "good cause shown" in his attempts at locating and serving process on Dr. Mitchell. The lower court erred in granting summary judgment. We must reverse and remand for trial.

STATEMENT OF FACTS
Willis Fortenberry visited the emergency room at Memorial Hospital of Gulfport on May 23, 1989 complaining of back pain. Dr. James Mitchell examined him and ordered x-rays which were read by Dr. A.K. Martinolich, Jr., a radiologist with SMB Radiology. Dr. Mitchell's diagnosis was that Fortenberry had a lumbar strain.
On June 4, 1989, Fortenberry went to the Acute Care Clinic at Keesler Air Force Base. At that time he said that he had been picking up cans and noted the sudden onset of lower back pain. A rectal exam revealed a posterior rectal mass. On June 18, 1989, doctors at Keesler conducted further tests which showed a 10 x 15 centimeter calcified, presacral mass, most likely chordoma or chondrosarcoma, compressing the rectum at four centimeters. He was discharged and told to return to Keesler to be taken to Wilford Hall Medical Center at Lackland Air Force Base in Texas on July 22, 1989. Fortenberry had surgery on August 2, 1989 to remove the mass. After discharge on August 10th, a tissue report was completed on August 11th.
Fortenberry filed a complaint against Dr. James Mitchell, Memorial Hospital, and SMB Radiology on May 21, 1991, alleging that the doctors had failed to diagnose the tumor. He gave specific instructions not to serve process at that time. On June 13, *254 1991, Fortenberry filed an amended complaint naming Dr. Martinolich as a defendant in addition to the previously named three defendants, but again did not allow process to be served.
Process was issued on August 7, 1991 as to Dr. Martinolich, SMB Radiology, and Memorial Hospital. Fortenberry could not locate Dr. Mitchell and requested two time extensions, the latter expiring November 25, 1991. Subsequently, in a letter to the court, Fortenberry said that he had not yet found Dr. Mitchell and would be requesting the court's assistance in locating him. After numerous other efforts to locate Dr. Mitchell were unsuccessful, Fortenberry hired an investigator who located Dr. Mitchell in Oxford. Dr. Mitchell was served with process on March 19, 1992.
On November 4, 1991, Dr. Martinolich filed a motion to dismiss or, in the alternative, for summary judgment. On May 4, 1992, Memorial Hospital filed a motion to dismiss or, in the alternative, for summary judgment. Dr. Mitchell filed a motion to dismiss or, in the alternative, motion for summary judgment on May 18, 1992. SMB filed a motion to dismiss or, in the alternative, for summary judgment on June 15, 1992. Hearings were conducted on August 21, 1992 concerning all four defendants' motion. On September 4, 1992, the judge granted Dr. Mitchell's motion to dismiss and Memorial Hospital's motion for summary judgment. The judge granted SMB and Dr. Martinolich summary judgment on October 6, 1992.

DISCUSSION OF LAW
A discussion of these issues necessitates a review of Miss. Code Ann. § 15-1-36 (Rev. 1995) which details the limitations applicable to malpractice action arising from medical, surgical or other profession services. Section 15-1-36 provides in part:
(1) Except as otherwise provided in this section, no claim in tort may be brought against a licensed physician ... [or] hospital ... for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.
Equally applicable and necessary for this discussion is M.R.C.P. 4(h) which gives the time limit for service of the summons:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice such party or upon motion.

I. WHETHER OR NOT THE FILING OF A COMPLAINT WITH THE SPECIFIC INSTRUCTION TO THE CLERK TO WITHHOLD ISSUING PROCESS TO ANY DEFENDANT WAS SUFFICIENT TO TOLL THE RUNNING OF MISS. CODE ANN. § 15-1-36 (REV. 1995)?
We find that the issue addressed in Erby v. Cox, 654 So.2d 503 (Miss. 1995) is exactly on point with one of the issues in the case sub judice. The issue is "[w]hether the filing of a medical malpractice action commences the suit under Miss. Code Ann. § 15-1-36 when service of process was had some months later, but still within the 120-day window under M.R.C.P. 4(h)". Id. at 504. Erby held that the filing of the complaint, even without service of process, tolls the statute of limitations for the 120 day period allowed in M.R.C.P. 4(h). Id. at 505. By holding such, this Court implicitly overruled Erving's Hatcheries, Inc. v. Garrott, 250 Miss. 701, 168 So.2d 52 (1964), which held that an action was commenced by filing the complaint and issuing service of process. Therefore, Fortenberry had 120 days to issue service of process from the day he filed his complaint on May 21, 1991.

II. WHETHER OR NOT THE STATUTE OF LIMITATIONS FOR APPELLANT'S CLAIM BEGAN THE DATE FORTENBERRY'S TUMOR WAS DIAGNOSED OR WHETHER IT RAN FROM THE DAY THAT *255 THE TISSUE REPORT WAS RECEIVED?
"The two year statute of limitations does not commence running until the patient discovers or should have discovered that he has a cause of action." Smith v. Sanders, 485 So.2d 1051, 1052 (Miss. 1986). Fortenberry's cause of action accrued for statute of limitations purposes when he could "reasonably be held to have knowledge of the injury itself, the cause of the injury, and the conduct of the medical practitioner." Id. at 1052. Fortenberry seeks money damages in his amended complaint for "fail[ure] to diagnose the tumor" at the base of his spinal cord. This case is unlike malpractice cases in which the patient did not know and had no reason to know of the injury. See, e.g., Kilgore v. Barnes, 508 So.2d 1042 (Miss. 1987) (holding that plaintiff had no knowledge that a surgical needle was left in his heart lining during surgery in 1974 until detected by x-ray in 1982).
Medical records indicate that the doctor determined the location and the size of the tumor during the June 18, 1989 visit and scheduled Fortenberry's surgery to remove the tumor for the next month. Fortenberry's assertion that August 11, 1989 is the date that the statute of limitations began to run suggests that he is contending that he did not know of the presence of a tumor, even after he had spent several days in the hospital and had his removal surgery. Completion of the pathology report on August 11, 1989 served to confirm or deny the presence of a malignancy, but this event does not mark the date that Fortenberry could "reasonably be held to have knowledge of the injury itself." That date is June 18, 1989. Thus, we affirm the lower court's finding as to this one issue.[2] Under Miss. Code Ann. § 15-1-36 (Rev. 1995), Fortenberry had two years in which to file his complaint. He filed May 21, 1991, therefore meeting that deadline. This Court's holding in Erby allowed Fortenberry 120 days from May 21, 1991 in which to serve process. How this affects each of the defendants is discussed below.

A. Dr. Martinolich
Dr. Martinolich was included in the suit in the amended complaint filed June 13, 1991. Fortenberry had 120 days from that date to serve process on Dr. Martinolich. Without this tolling mechanism, under the above analysis, the statute of limitations under Miss. Code Ann. § 15-1-36 would expire five days later on June 18, 1991. Service of process was finally issued on August 7, 1991, within the 120 day time period prescribed by Erby's interpretation of M.R.C.P. 4(h). Therefore, the complaint against Dr. Martinolich was not time-barred as held by the lower court when it granted Dr. Martinolich's summary judgment motion.

B. SMB Radiology
SMB was named as a defendant in the original complaint filed May 21, 1991, and thus was subject to the 120 day time period dating from that day. Service of process was issued on August 7, 1991, within the 120 days. Therefore, this complaint against SMB was not time-barred as held by the lower court when it granted SMB's motion for summary judgment.

C. Dr. James Mitchell
Dr. Mitchell was served with process on March 19, 1992, or approximately ten months following the filing of the first complaint. Fortenberry requested and received two grants of additional time, the latter of which expired November 25, 1991. Fortenberry then advised the trial court by letter that he could not locate Dr. Mitchell and would approach the Court again when he did find him. Dr. Mitchell argues that Fortenberry cannot show good cause why he was not served prior to March 19, 1992 or, more specifically, within the 120 day time period or during the two extensions. Interpreting Rule 4(j) of the Federal Rules of Civil Procedure, which is virtually identical to Rule 4(h) of the M.R.C.P., the Courts have stated that dismissal is mandated upon the finding that service has not been made within the specified time period and that good cause to extend the time limit does not exist. See Norlock *256 v. City of Garland, 768 F.2d 654 (5th Cir.1985).
Fortenberry asserts that he could not locate Dr. Mitchell until he hired a private investigator. He also claims that the information dispersed by Memorial Hospital in discovery was incorrect. Memorial Hospital returned its answer to the discovery question concerning Dr. Mitchell's whereabouts on October 16, 1991. The response was of no help in finding Dr. Mitchell because the address given was merely the post office box for Gulf Coast Community Hospital. Fortenberry also checked with other area hospitals without success in determining Dr. Mitchell's whereabouts. Fortenberry's counsel also inquired of all defense counsel representing other parties as to the whereabouts of Dr. Mitchell. Fortenberry also attempted to locate Dr. Mitchell by calling the State Medical License Board, but they too lacked correct information. Dr. Mitchell had moved to an unknown location.
Upon the expiration of his second extension on November 25, 1991, Fortenberry did not file another motion. Instead, he just wrote a letter advising the court that he would "approach the Court on the issue of process upon locating Dr. Mitchell," in essence granting himself a motion to extend that he could invoke at any time. We find the better method to be utilized in future cases would be for plaintiff's counsel to seek authority for extensions from the court, rather than unilaterally making this decision himself. Fortenberry's efforts to locate Dr. Mitchell were more that sufficient in this case, so as to clearly constitute good cause shown. The Fifth Circuit Court of Appeals in Peters v. United States, 9 F.3d 344, 345 (5th Cir.1993), discussing this issue under Fed.R.Civ.P. 4(d)(4), stated:
If a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or sua sponte by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. Id. at 4(j). To establish "good cause" the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir.1990)(internal quotations and citation omitted). This Court reviews a Rule 4(j) dismissal for an abuse of discretion. Id.

Here, we are not faced with simple inadvertence, mistake of counsel, or ignorance of the rules. Fortenberry's counsel was clearly aware of the rules. Dr. Mitchell was difficult to locate and serve with process because he had moved from the Gulf Coast area to Oxford. Apparently only a few people or medical agencies knew his whereabouts. However, because of these extensive efforts to find and serve process upon Dr. Mitchell, which this Court finds to be good cause shown, within the meaning of MRCP 4(h), we view plaintiff counsel's failure to seek a third extension to be harmless under the facts of this case. The trial court erred on this issue.

D. Memorial Hospital of Gulfport
Memorial Hospital was sued in the original complaint filed May 21, 1991, and was therefore subject to the 120 day time period running from that day. Service of process was issued on August 7, 1991, within the 120 days. Therefore, this complaint against SMB was not time-barred as held by the lower court when it granted Memorial Hospital's motion for summary judgment.

CONCLUSION
Memorial Hospital, SMB Radiology, and Dr. A.K. Martinolich are subject to suit under of M.R.C.P. 4(h) and Erby v. Cox, 654 So.2d 503 (Miss. 1995). We reverse the lower court's dismissal of Fortenberry's suit as to these defendants. Because of the extensive efforts to locate and serve Dr. Mitchell, we find good cause shown and must reverse the trial court on this issue. We affirm the lower court's holding that June 18, 1989, was the date that Fortenberry "should have discovered that he ha[d] a cause of action." Smith v. Sanders, 485 So.2d 1051, 1052 (Miss. 1986).
*257 AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, McRAE and ROBERTS, JJ., concur.
MILLS, J., not participating.
NOTES
[1] The statute was effective from and after July 1, 1989.
[2] We do not discuss the other portion of Miss. Code Ann. § 15-1-36.