# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-01338-SCT

*JACKIE OWENS, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER DEATH BENEFICIARIES
OF TERRY OWENS*

*v.*

*PAUL MAI d/b/a CRYSTAL SPRINGS MOBILE
HOME PARKS*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 6/14/2002 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOYCE W.C.N. FUNCHES |
| | MICHAEL S. ALLRED |
| | OTTOWA E. CARTER, JR. |
| ATTORNEY FOR APPELLEE: | WILLIAM E. READY, JR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY IS AFFIRMED - 01/13/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This appeal stems from a wrongful death suit brought by Jackie Owens, a mobile home resident, against Paul Mai, the mobile home park owner.  The trial court dismissed the suit for defective service of process pursuant to Rule 4(h) of the Mississippi Rules of Civil Procedure.

Prior to dismissal of the first action, Owens filed an identical second action which was dismissed by the trial court on the grounds that the statute of limitations had expired. Owens appealed the trial court's ruling. The Court of Appeals reversed the trial court and held that the dismissal of the first action for lack of personal jurisdiction due to defective service fell within the purview of the savings statute, Miss. Code Ann. § 15-1-69 (Rev. 2003). **Owens v. Mai,** 881 So.2d 278, 281 (Miss. Ct. App. 2003). Thus, the Court of Appeals held that the dismissal of the second suit was improper. **Id.**

¶2. This Court granted certiorari. **Owens v. Mai,** 878 So.2d 66 (Miss. 2004). It appears that the Court of Appeals held that a dismissal for failure to serve process preserves the action under the saving statute. However, the Court of Appeals did not address an important, determining issue. The statute of limitations had expired prior to the first action being dismissed for failure to serve process. So, when the plaintiff filed her second complaint, the trial court properly dismissed it as time-barred. Our precedent case law holds that the savings statute cannot save an action from the expiration of the statute of limitations.

¶3. We find that since the statute of limitations for the plaintiff's action had expired prior to the filing of her second complaint, the trial court did not err in dismissing the action.

## FACTS AND PROCEDURAL HISTORY

¶4. In November of 1996, Terry Owens was stabbed and killed on the premises of Crystal Springs Mobile Home Park, where he was a resident, by Mark Tappen who had been hired to provide security in the mobile home park. The Crystal Springs Mobile Home Park was owned and operated by Paul Mai.

¶5. In November of 1997, Jackie Owens, Terry's wife, filed a wrongful death action against Mai for negligent employment and supervision, among other claims (hereinafter "Crystal Springs I"). [1] Owens attempted to serve Mai on March 10, 1998, by leaving a copy of the summons and complaint with Mai's wife at their usual place of residence. Mai does not appear to dispute that a copy of the summons was left with his wife; however, he asserts that he never received a copy of the summons by mail, as is required by Rule 4(d)(1)(B) of the Mississippi Rules of Civil Procedure.

¶6. Three years later, in May 2001, Mai moved for dismissal based upon the service defect, and the trial court granted his motion. Subsequently, Owens filed a motion for reconsideration, and while that motion was pending, Owens filed a second complaint for wrongful death on November 2, 2001 (hereinafter "Crystal Springs II"). Owens's motion for reconsideration in Crystal Springs I was denied.

¶7. Mai filed a motion that Crystal Springs II be dismissed on the grounds that the statute of limitations had expired.[2] Owens asserted that the action was saved by the "savings statute," Miss. Code Ann. § 15-1-69 (Rev. 2003). The trial court disagreed, finding that the dismissal for failure to serve process was not a "matter of form" as contemplated by the savings statute.

---

[1] In Crystal Springs I, the plaintiff also alleged a number of intentional torts, including assault and battery. Pursuant to Miss. Code Ann. § 15-1-35 (Rev. 2003), the statute of limitations for these causes of actions is one (1) year from the date such action accrues.

[2] The plaintiff's claim for wrongful death was based upon a negligence theory. Thus, pursuant to Miss. Code Ann. § 15-1-49 (Rev. 2003), a negligence cause of action has a three (3) year statute of limitations.

¶8.     Owens timely appealed, and the Court of Appeals reversed the trial court, finding that the dismissal of a case for failure to serve process is in effect dismissal for failure to establish "jurisdiction," and that failure to establish jurisdiction is considered a "matter of form" as contemplated by Miss. Code Ann. § 15-1-69. Therefore, the Court of Appeals held that the dismissal of the Crystal Springs II was improper.

¶9.     Mai filed a petition for writ of certiorari in which he raised one issue: whether failure to serve a defendant within 120 days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure is a "matter of form" as contemplated by Miss. Code Ann. § 15-1-69. On July 29, 2004, this Court granted Mai's petition.

## ANALYSIS

I.     **Whether MCA §15-1-69 applies in cases which are dismissed for failure to serve process.**

¶10.    The Court of Appeals found that the savings statute applies when a case is dismissed for failure to serve process because the ultimate point is one of jurisdiction, and that lack of jurisdiction is a "matter of form" for purposes of the savings statutes. *See Owens v. Mai,* 881 So.2d at 281.

¶11.    Miss. Code Ann. § 15-1-69 provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or **for any matter of form**, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

4

(Emphasis added).

¶12.    This Court has held that dismissal for lack of jurisdiction is a dismissal for matter of form, within the purview of § 15-1-69.  ***Ryan v. Wardlaw,*** 382 So.2d 1078, 1079-80 (Miss. 1980); ***Frederick Smith Enterprise Co. v. Lucas,*** 204 Miss. 43, 36 So.2d 812, 814 (1948); ***Hawkins v. Scottish Union & Nat'l Ins. Co.,*** 110 Miss. 23, 29, 69 So. 710, 712 (1915).  These cases have all addressed subject matter jurisdiction rather than personal jurisdiction.  In the present case, the Court of Appeals noted that both subject matter jurisdiction and personal jurisdiction are necessary before a court may validly try and adjudicate a case, and that dicta in ***Hawkins v. Scottish Union & Nat'l Ins. Co.***, suggests that including personal jurisdiction as a "matter of form" under § 15-1-69 is proper.  We decline to establish the dicta from *Hawkins* as a principle of law.

¶13.    We hold today that dismissal of a suit for failure to serve process is not a jurisdictional matter for purposes of the savings statute.  To allow otherwise would seriously undermine the legal effect behind Rule 4 as well as the legislative intent of the savings statute.  Under the Court of Appeals' ruling, if a plaintiff failed to serve process in compliance with Rule 4, the plaintiff could proceed on the grounds that the trial court's dismissal was jurisdictional and constitutes a "matter of form" for purposes of the savings statute.  This would essentially allow plaintiffs who fail to serve process under Rule 4 to utilize the savings statute to preserve their claim(s) and/or extend the life of their claim(s).  Except as provided by Miss. Code Ann. § 15-1-69, the savings statute was not designed to extend the life of a cause of action beyond that of its original statute of limitation.    When a case is dismissed because a defendant was not properly served within 120 days as mandated by M.R.C.P. 4(h), such a dismissal is not a

5

"matter of form" that comes within the intent of Miss. Code Ann. § 15-1-69. To the extent the Court of Appeals' judgment conflicts with this rationale, it is reversed.

¶14.    Also, this case presents a subtle issue which was not addressed by the Court of Appeals. While the filing of a complaint tolls the statute of limitations, if service is not made upon the defendant within 120 days as required by M.R.C.P. 4(h), the limitations period resumes running at the end of the 120 days. *See Holmes v. Coast Transit Auth.,* 815 So.2d 1183, 1185 (Miss. 2002); *Watters v. Stripling,* 675 So.2d 1242, 1244 (Miss. 1996); *Moore ex rel. Moore v. Boyd,* 799 So.2d 133, 137 (Miss. Ct. App. 2001); *Young v. Hooker,* 753 So.2d 456, 460 (Miss. Ct. App. 1999).

¶15.    In addressing this issue, we consider the following time-line:

| | |
|---|---|
| **November 29, 1996** | Terry Owens was killed and the three (3) year statute of limitations begins to run. |
| **November 26, 1997** | Jackie Owens filed a wrongful death action against Paul Mai. |
| **March 26, 1998** | The 120-day process period set forth by Rule 4(h) of the Mississippi Rules of Civil Procedure runs. PROCESS WAS NOT SERVED -- RUNNING OF THE STATUTE RESUMED. |
| **March 29, 2000** | Pursuant to Miss. Code Ann. §15-1-49 (Rev. 1995), the statute of limitations runs. |
| **May 2, 2001** | Mai moves for a dismissal of Crystal Springs I |
| **July 16, 2001** | Trial court grants Mai's motion to dismiss. |
| **November 2, 2001** | Owens filed Crystal Springs II, which the trial court dismissed as time-barred. |

6

¶16.  In November 1997, Owens brought suit against Mai for wrongful death.  Thus, filing of the complaint even without service of process tolls the 3-year statute of limitations for the 120-day period allowed in M.R.C.P. 4(h).  **Erby v. Cox,** 654 So.2d 503, 505 (Miss. 1995).  However, the record reflects that Owens failed to properly serve process upon Mai within 120 days.  We have clearly noted in cases past that unless process is served within the 120-day period as provided by Rule 4(h), the running of the statute of limitations resumes.  **Triple "C" Transport, Inc. v. Dickens,** 870 So.2d 1195, 1199-1200 (Miss. 2004);  **Perry v. Andy,** 858 So.2d 143, 147 (Miss. 2003);  **Fortenberry v. Mem'l Hosp. at Gulfport, Inc.,** 676 So.2d 252, 254 (Miss. 1996).  Thus, Owens's failure to properly serve Mai with process caused the statute of limitations to resume running.  Because of this, the statute of limitations ran in March, 2000, some fourteen (14) months prior to Mai's motion to dismiss Crystal Springs I and some nineteen (19) months prior to Owens's filing of Crystal Springs II.  Thus, when Owens filed Crystal Springs II, the three (3) year statute of limitation set forth in Miss. Code Ann. § 15-1-49 (Rev. 2003) had run.

¶17.  Therefore, we hold that because the three (3) year statute of limitations had expired prior to Owens's filing her second complaint, the trial court correctly dismissed it as time-barred.  The savings statute cannot save a complaint from the expiration of the applicable statute(s) of limitations.  To allow otherwise would circumvent the effect and purpose of statutes of limitations.

## CONCLUSION

¶18.  A trial court's dismissal of an action for failure to serve process as required by Rule 4 of the Mississippi Rules of Civil Procedure is not a "matter of form" for purposes of the

7

savings statute. Additionally, if service of process is not made upon a defendant in compliance with M.R.C.P. 4(h), the limitations period beings to run again at the end of the 120 days. Thus, the trial court was correct in dismissing Owens's action as time-barred, and such a dismissal does not come within the purview of the savings statute. Thus, it follows that the judgment of the Court of Appeals is reversed, and the judgment of the Circuit Court of Copiah County is affirmed.

¶19.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT IS AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**