**SYSTEMS SIGNS SUPPLIES, et al., Plaintiffs,**

**Jahurett Castrillon, Plaintiff–Appellant,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, WASHINGTON, D.C., et al., Defendants–Appellees.**

No. 89–2572
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 15, 1990.

Jahurett Castrillon, Texarkana, Tex., pro se.

William E. Yahner, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Keith Edward Wyatt, Asst. U.S. Atty., Jack Shepherd, Chief, Civ. Div., Thomas M. Fulkerson, Morris & Campbell, Houston, Tex., for defendants-appellees.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff Jahurett Castrillon appeals the dismissal of his civil rights action against the United States Government for failure to meet the service requirements of the Federal Rules of Civil Procedure. We affirm.

Proper service on the United States Government requires a litigant to deliver a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. . . .

Fed.R.Civ.P. 4(d)(4). Additionally, in cases challenging the actions of federal agencies, a copy of the summons and complaint must be sent by registered or certified mail to the relevant agencies. *Id.* If service is not perfected within 120 days of filing the complaint and if there is no showing of good cause for failure to do so, the case is subject to dismissal without prejudice. *Id.* 4(j).

On May 24, 1988 Jahurett and Mercedes Castrillon, as individuals and on behalf of Systems Signs Supplies, Inc., filed suit against the United States Department of Justice, the Federal Bureau of Investigation ("FBI"), and the Drug Enforcement Agency ("DEA"), alleging violations of civil

rights under 42 U.S.C. §§ 1982, 1983, and 1985. In May and July of 1988, plaintiffs attempted to serve all federal defendants either by mail or personal service. However, they served the DEA and the FBI personally rather than by registered or certified mail as required by rule 4. Additionally, they maintain that the U.S. Attorney was served by a relative on May 25, 1988 and by a friend on July 12, 1988. However, there is no proof that service was received by an authorized individual in that office.

On August 23, 1988, approximately one month prior to the date on which the 120–day period would lapse, an Assistant U.S. Attorney wrote to Mr. Castrillon, advising him that he had not properly served the United States. Although the letter did not specify the defects in the attempted service, it directed Mr. Castrillon to the appropriate rules of civil procedure and invited him to call if there were any further questions. In a written response Mr. Castrillon informed the attorney that, according to his interpretation of the rules, the government had been properly served. He then took no further action.[1]

After the 120–day period for service had lapsed, the federal defendants filed a motion to dismiss, claiming that the plaintiffs had not properly served the U.S. Attorney's Office, the FBI, or the DEA. Mr. Castrillon responded to this motion by requesting that the United States Marshall effect service since he had attempted to comply but had evidently failed. The district court granted the government's motion to dismiss and denied the service request. Mr. Castrillon pursues this appeal on his own behalf, claiming that the district court erred in dismissing the complaint. We review the district court's ruling for abuse of discretion. *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir.1986).

■ When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). Rule 4 lists the parties that may be served in the U.S. Attorney's Office. In this case, the record merely contains service documentation, without supporting affidavits indicating the person served in the U.S. Attorney's Office. Because there is no proof that an authorized person accepted service at the U.S. Attorney's Office, the district court was entitled to find that Mr. Castrillon had not carried his burden in proving that the government was properly served. *See* Fed.R.Civ.P. 4(d)(4). He, however, contends that good cause existed for his noncompliance.

■ To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters*, 776 F.2d at 1306 (emphasis omitted). Additionally, the claimant must make a showing of good faith and establish " 'some reasonable basis for noncompliance within the time specified.' " *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)). Mr. Castrillon relies on his pro se status to support his claim that good cause existed for his failure to perfect service. Additionally, he points to his repeated attempts to comply with the rules as evidence of his good faith. The district court implicitly found that this was insufficient to establish good cause.

■ Pro se status does not excuse a litigant's complete failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988). Mr. Castrillon, however, attempted service on the federal defendants more than once within the statutory period

---

1. Mr. Castrillon claims that because the defendants failed to respond to his summons, he filed a motion for service by a United States Marshall, dated September 22, 1988, which the district court failed to docket. However, there is no evidence that the district court ever received this motion. Moreover, it was not presented to the district court in response to the government's motion to dismiss and is therefore outside the record.

and each defendant apparently had actual notice of the suit. Although the actual notice and his efforts, coupled with his pro se status, arguably provide grounds for leniency in considering the technical imperfections of service, *see Winters*, 776 F.2d at 1307 (suggesting mitigating value of actual notice), we find that the district court did not abuse its discretion.

The Assistant U.S. Attorney, apparently sensitive to the plaintiff's lack of familiarity with procedural rules, advised him nearly one month before the statutory period was to lapse that service was defective. The attorney additionally cited the procedural rules governing service and invited Mr. Castrillon to call with any questions. Instead of looking at the rules more closely or calling the attorney to find out what the problems were, he chose to dispute the validity of service. As Mr. Castrillon had ample notice of a defect, but did not attempt correction within the statutory period, we cannot say that the district court abused its discretion in dismissing the case.

AFFIRMED.