CONFIDENTIAL -- NOT FOR PUBLIC RELEASE
# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2382

_____

| | | |
|---|---|---|
| Tommie Bullock; Ceola Carter; Loretta Lourick; Seneca McIntosh; Lyndie C. McRoberts; Elmer Webb, Sr.; Paulette Williams, | * * * * * | |
| Appellants, | * * | |
| v. | * * | |
| United States of America; Jesse Brown, Secretary, Department of Veterans Affairs; Veterans Administration Medical Center; Equal Employment Opportunity Commission; American Federation of Government Employees, Local #3354; American Federation of Government Employees, Local #96, | * * * * * * * * * | On Appeal from the United States District Court for the Eastern District of Missouri.  [To be published] |
| Appellees. | * | |

_____

Submitted:  October 21 1998
Filed:  November 9, 1998

_____

Before  McMILLIAN,  RICHARD  S.  ARNOLD,  and  MORRIS  SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Plaintiffs appeal from the dismissal of their action without prejudice under Federal Rule of Civil Procedure 4(m). We affirm.

On August 20, 1997, Tommie Bullock, Ceola Carter, Aaron Johnson, Loretta Lourick, Seneca McIntosh, Lyndie McRoberts, Elmer Webb, Betty Williams, and Paulette Williams filed a pro se complaint. On January 6, the District Court[1] noted that there was no proof of service or entry of appearance for any of the defendants, and that service of the complaint had not been made within 120 days of filing as required by Rule 4(m). The Court ordered plaintiffs to show cause within fourteen days why the action should not be dismissed without prejudice. On January 20, seven of the plaintiffs--Bullock, Carter, Lourick, McIntosh, McRoberts, Webb, and Paulette Williams--responded to the court order, asserting that they had relied upon a court clerk's statement that he would effect service upon defendants. The District Court[2] found these plaintiffs had shown good cause for their failure to serve defendants in time, and on March 4 granted them a twenty-day extension to effectuate service. On March 31, the Court noted that defendants had still not been served, and dismissed plaintiffs' claims without prejudice.

Rule 4(m) provides that if the summons and complaint are not served upon a defendant within 120 days after the filing of the complaint, the Court "shall dismiss

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

[2]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

the action without prejudice . . . or direct that service be effected within a specified time;

provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

After reviewing the record and the parties' submissions, we see no evidence that defendants were properly served with the summons and complaint. Because over 120 days had passed since plaintiffs filed their complaint, and the District Court had granted a twenty-day extension, we conclude the Court did not abuse its discretion in dismissing the complaint. See Fed. R. Civ. P. 4(1); Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (per curiam) (standard of review); Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam); cf. Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (district court did not abuse discretion in dismissing complaint where 170 days passed after complaint was filed and defendants had not yet been served).

If plaintiffs refile this case in the District Court, they should file their complaint with the court clerk, from whom they should obtain summonses signed by the clerk and under seal of the court; plaintiffs should then ensure that the summonses and a copy of the complaint are served upon defendants in compliance with Rule 4.

Plaintiffs' other arguments on appeal are without merit. We also deny plaintiffs' pending motions.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.