IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40499
Summary Calendar
_____

LEOPOLD LEE PEDRAZA,

Plaintiff-Appellant,

VERSUS

HERBERT ZIELONKA, Deputy; ET AL.,

Defendants,

HERBERT ZIELONKA, Deputy,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-95-CV-74
--------------------
March 23, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leopold Lee Pedraza, Texas prisoner # 441538, appeals the partial dismissal and partial grant of summary judgment in favor of the defendants in his civil rights action under 42 U.S.C. § 1983. Pedraza sued Sheriff Wayne Mills and Deputy Herbert Zielonka. Pedraza alleged that the defendants had been deliberately indifferent to his medical needs, had denied him access to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

courts, had denied him religious freedom, and had denied him the opportunity to subscribe to magazines while in jail.  Pedraza did not serve Mills with the suit.  The district court did not abuse its discretion in dismissing the suit against Mills and allowing the suit to proceed against Zielonka.  See Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Pedraza asserts that the district court erred in granting summary judgment in favor of Zielonka on the claims that Zielonka was deliberately indifferent to Pedraza's serious medical needs by placing him in conditions that caused Pedraza to contract cancer, denying him eyeglasses, denying treatment for an ear infection, and denying dentures.  Pedraza also asserts that Zielonka denied him access to the courts, denied him religious freedom, and denied him the opportunity to subscribe to magazines.  We review a grant of summary judgment de novo.  Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994).  The evidence and any inferences drawn from the evidence have been reviewed in the light most favorable to the Pedraza.  Fraire v. Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).  Pedraza has not designated specific facts to show a genuine issue for trial.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  The district court did not err in granting summary judgment.

Pedraza's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

Pedraza has at least two verified strikes, <u>Pedraza v. Tibbs</u>, No. H-93-299 (S.D. Tex. Mar. 23, 1993)(unpublished); <u>Pedraza v. Perkins</u>, No. 97-40319 (5th Cir. April 10, 1998)(unpublished). Because of our dismissal as frivolous of this appeal, Pedraza has now acquired another strike. He may no longer proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.