IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30890
Conference Calendar

_____

CHERYL A. DUPRE,

                                             Plaintiff-Appellant,

versus

TOURO INFIRMARY, BEVERLY MAXWELL; MARGIE MONROE,
Louisiana Federation of Practical Nurses; CONNIE
BROWN, Louisiana State Board of Practical Nurse
Examiners; AUDREY SIMON, Licensed Practical Nurses
of Louisiana; EVELYN JENKINS, Priority Care Inc.;
PAUL ROSENBLUM,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-2124-T
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Cheryl A. Dupre, proceeding *pro se* and *in forma pauperis*
(IFP), appeals the district court's dismissal of her complaint
for failure to effect service of process on any defendant within
the 120-day period set forth in Fed. R. Civ. P. Rule 4(m).  Dupre
asserts that she established good cause for failing to serve the
defendants.  She contends that the U.S. Marshal acted unethically
and refused to serve one of the named defendants.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint, unless the plaintiff shows good cause for failing to effect proper service, or the district court shall dismiss the action without prejudice. Fed. R. Civ. P. 4(m). The plaintiff "must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal quotations and citations omitted). *Pro se* status does not excuse a litigant's failure to effect service. *Id.* We review for an abuse of discretion a district court's dismissal for failure to effect timely service. *See id.*

Dupre received ample notice from the district court prior to the expiration of the 120-day period that service had not been effected on any of the defendants. Dupre admitted that the U.S. Marshal informed her that the marshal did not have a copy of Dupre's complaint. Dupre did not demonstrate that she tried to cure the service defect, and she did not provide a reasonable explanation for her failure to serve any of the defendants. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)(plaintiff must attempt to remedy apparent service defects of which she has knowledge). Dupre has not shown good cause for failing to effect service of process timely. The district court did not abuse its discretion by dismissing her complaint. Accordingly, the district court's judgment is AFFIRMED.