IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-31037

Summary Calendar

---

RAYFIELD J. THIBEAUX,

Plaintiff-Appellant,

versus

TABITHA CASIMER TOBIAS; SARAH HOLMES,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Louisiana
02-CV-443

---

February 13, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rayfield J. Thibeaux, a non-prisoner proceeding *pro se* and *in forma pauperis*, filed this civil action on March 7, 2002, purportedly under 42 U.S.C. § 1983 and § 1985,[1] against Tabitha

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Because the defendants are federal employees, this is actually a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Casimer Tobias and Sarah Holmes, Deputy Clerks of this court, alleging that they had deprived him of his right to access to the courts based on their actions in handling his appeals in No. 01-21257 and No. 01-20450. The district court granted the defendants' motion to dismiss, determining that Thibeaux had failed to state a claim upon which relief might be granted.

Thibeaux argues that the district court judge unconstitutionally and with bias dismissed his civil rights action without proper grounds, and that the magistrate judge was also biased and prejudiced. He contends that the district court should have received proposed findings and a recommendation from the magistrate judge before dismissing his suit. He argues that the district court erred in ruling that it lacked personal jurisdiction to hear the suit. He contends that his 14th amendment right to due process was violated, and that the defendants conspired to deny and/or hinder his access to the court. The appellees renew their argument that the district court should have dismissed Thibeaux's complaint for lack of proper service of process pursuant to FED. R. CIV. P. 4(i).

This court affirms the district court's dismissal on the ground that Thibeaux failed to effect service of process as required by FED. R. CIV. P. 4(i). The record shows an insufficient effort by Thibeaux to comply with the mandate of FED. R. CIV. P. 4(i) in properly serving the United States. Although he attempted to serve the defendants/employees, and he followed the instructions

2

of the magistrate judge in serving them, he did not serve the civil process clerk of the United States Attorney, or the Attorney General of the United States, nor did he attempt such service after the defendants filed their motion to dismiss which placed Thibeaux on notice of the defects in service of process.[2]  He did not seek an extension of time to effect proper service pursuant to FED. R. CIV. P. 4(m).

Special consideration does not exist for *pro se* litigants who fail to comply with the service requirements of Rule 4.[3]  Federal district courts may only issue service of process as authorized by federal statute or rule.[4]  The magistrate judge was without authority to alter the method of service required by FED. R. CIV. P. 4(i).

AFFIRMED.

---

[2] *See* FED. R. CIV. P. 4(i)(1)(A), (B), (i)(2)(A).

[3] *See Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding that *pro se* status does not exempt a litigant from effecting service).

[4] *See Point Landing, Inc. v. Omni Capital International, Ltd.*, 795 F.2d 415, 424 (5th Cir. 1986).