United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40258
Summary Calendar

_____

GERALD MASTERSON,

                              Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; UP GARRETT, Individually
& In His Official Capacity as Captain; UP Herrera,
Individually and In His Official Capacity as Officer;
JAMES FULCHER, Individually and In His Official Capacity
as Officer; DAVID CHAMPAGNE, Individually and In His
Official Capacity as Officer; UNIDENTIFIED PARTY, #1 - 10,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-596
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Gerald Masterson, federal prisoner # 06186-112, filed a

pro se complaint under the Federal Tort Claims Act (FTCA) and

Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971), alleging the use of excessive

force and the denial of medical care in connection with a beating

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

incident.  He appeals the denial of his FED. R. CIV. P. 60(b)

motion and the final judgment dismissing his complaint.  See

FED. R. APP. P. 4(a)(4)(A)(vi).

"[T]he decision to grant or deny relief under Rule 60(b)

lies within the sound discretion of the district court and will

be reversed only for an abuse of that discretion."  Edwards v.

City of Houston, 78 F.3d 983, 995 (5th Cir. 1996)(en banc).

Gross carelessness, ignorance of the rules, or ignorance of the

law are insufficient bases for Rule 60(b)(1) relief.  Edward H.

Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 356 (5th Cir.

1993).    Masterson has made no argument demonstrating good

cause for his failure to complete service on the individual

defendants or for his failure to correctly serve the United

States.  See Systems Signs Supplies v. United States Dep't of

Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).  Nor do his

arguments demonstrate that the district court abused its

discretion by denying him relief under Rule 60(b).  See Edwards,

78 F.3d at 995.

Masterson also argues that the district court erred in

sua sponte dismissing his remaining claims for failure to exhaust

administrative remedies.  "[F]ederal prisoners suing under Bivens

must first exhaust inmate grievance procedures just as state

prisoners must exhaust administrative processes prior to

instituting a § 1983 suit."  Porter v. Nussle, 534 U.S. 516, 524

(2002).

Masterson is correct in his assertion that other circuits have held that exhaustion is an affirmative defense that must be pleaded. See Ray v. Kertes, 285 F.3d 287, 293-94 (3d Cir. 2002) (citations therein). However, Masterson failed to object to the magistrate judge's determination that he had failed to exhaust administrative remedies. Masterson's argument is thus limited to review upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). We perceive no plain error in the district court's dismissal of the claims for failure to exhaust administrative remedies. See Highlands Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1032 (5th Cir. 1994). Accordingly, the district court's judgment dismissing such claims is AFFIRMED.

AFFIRMED.