United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10566
Conference Calendar

GEORGE BARTZ,

                                    Plaintiff-Appellant,

versus

JAN ADRIAN, Chief, Military Star Contact Center,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1081
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    George Bartz, Washington inmate # 985210, proceeding pro se,

appeals from the dismissal, pursuant to Federal Rule of Civil

Procedure 4(m), of his claims against the defendant.  Federal

Rule of Civil Procedure 4(m) provides that if service is not made

within 120 days of filing the complaint, the action is subject to

dismissal without prejudice by the district court after notice to

the plaintiff, unless the plaintiff can show good cause for his

failure to complete service.  FED. R. CIV. P. 4(m).  This court

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviews for an abuse of discretion a district court's dismissal for failure to effect timely service.  See Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Bartz asserts that his failure to effect service of process should be excused because of his pro se status and because dismissal of his complaint violates his right to due process. Pro se status and ignorance of the relevant rules of service do not excuse a plaintiff's failure to effect service.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988).  Additionally, the district court informed Bartz of the service of process requirements contained in Federal Rule of Civil Procedure 4.

As for Bartz's contention that the dismissal of his complaint violates his due process rights, the district court dismissed Bartz's complaint without prejudice, and Bartz does not argue that a subsequent suit would be time-barred.  Therefore, due process is not implicated.

Accordingly, the district court's judgment is AFFIRMED.