**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-10179
Summary Calendar

REZA VAFAIYAN

Plaintiff-Appellant

v.

CITY OF WICHITA FALLS TEXAS; NORTH TEXAS DRUG TASK FORCE;
CHRISTOPHER L TAYLOR, Police Officer; MARK BALL, Department of Public
Safety; WALGREENS; GREG WARREN, Walgreens Manager

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-45

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Reza Vafaiyan, Texas prisoner # 1361129, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his FED. R. CIV. P. 60(b) motion for reconsideration of the dismissal of his 42 U.S.C. § 1983 complaint. The district court certified that the appeal was not taken in good faith. Vafaiyan argues that the district court erred by denying his motion for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appointment of counsel and when it dismissed defendant Walgreen Co. from the litigation. He also argues that his failure to timely serve the remaining defendants was due to inadvertence or excusable neglect and therefore the district court erred by denying Rule 60(b) relief.

Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If we uphold the district court's certification that the appeal is not taken in good faith and the appeal is frivolous, we may dismiss the appeal sua sponte under 5TH CIR. R. 42.2. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.24 (5th Cir. 1997). Vafaiyan's motion for reconsideration was filed more than 10 days after the entry of the district court's January 9, 2007, order dismissing his case. This appeal therefore does not include an appeal of the January 9, 2007, judgment of dismissal. *See* FED. R. APP. P. 4(A)(1)(A), 4(a)(4)(A); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)(en banc).

Vafaiyan fails to explain how the district court's denial of his motion for the appointment of counsel relates to his appeal of the denial of his Rule 60(b) motion. As Vafaiyan did not move for the appointment of counsel in the district court in connection with his Rule 60(b) motion, his argument to this court regarding whether the district court should have appointed counsel raises an issue that is not relevant to the instant appeal, which, as discussed above, solely involves Vafaiyan's appeal of the denial of his Rule 60(b) motion. Also, Vafaiyan does not argue, and the record does not suggest, that this case presents exceptional circumstances warranting the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Thus, Vafaiyan's argument regarding the appointment of counsel does not raise a nonfrivolous issue. *See Howard*, 707 F.2d at 220.

Also, Vafaiyan's argument regarding Walgreen Co. is simply a challenge to the district court's January 9, 2007, dismissal of his claims against Walgreen

Co. pursuant to FED. R. CIV. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim. Vafaiyan did not challenge this portion of the January 9, 2007, judgment in his Rule 60(b) motion, which challenged the district court's determination that the complaint should be dismissed for failing to timely serve the remaining defendants. Vafaiyan does not provide an explanation of how the dismissal of Walgreen Co. provides a basis for his challenge to the district court's denial of his Rule 60(b) motion. His argument regarding Walgreen Co. thus does not set forth a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220; *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995).

Finally, the record establishes that the district court expressly advised Vafaiyan of the rules governing timely service and granted Vafaiyan an extension of time to properly serve the defendants. Moreover, prior to dismissing the case for failure to properly serve the defendants, the district court provided Vafaiyan an opportunity to explain why he was unable to serve the defendants in a timely fashion. The district court did not abuse its discretion by dismissing the complaint pursuant to FED. R. CIV. P. 4(m), and Vafaiyan's argument regarding his inability to serve the defendants does not establish that the district court abused its discretion when it denied Rule 60(b) relief. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (indicating that ignorance of the law is an insufficient basis for Rule 60(b)(1) relief); *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (observing that ignorance of the rules does not suffice for good cause for failure to comply with the service requirements of FED. R. CIV. P. 4); *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (observing that pro se status does not excuse a litigant's failure to effect service); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (discussing heightened standard of review of a FED. R. CIV. P. 41(b) motion to dismiss for failure to

prosecute where the dismissal was effectively with prejudice due to operation of the statute of limitations).

Vafaiyan has failed to demonstrate that this appeal raises an issue that has arguable merit. His appeal is dismissed as frivolous. *See King*, 707 F.2d at 220; 5TH CIR. R. 42.2. Vafaiyan is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Vafaiyan is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.