# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2010

No. 08-10919
Summary Calendar

Charles R. Fulbruge III
Clerk

REZA VAFAIYAN,

Plaintiff-Appellant

v.

TARGET INC; MIKE ELLSWORTH, Target Employee; OFFICER WILLIAMS, Dallas Police Department; DALE NEWKIRK, Officer of the Drug Enforcement Administration,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1619

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reza Vafaiyan, Texas prisoner # 1361129, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Vafiayan's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), reasoning that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). For the same reasons, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied Vafaiyan's motion to appeal IFP and certified that Vafaiyan's appeal was not taken in good faith. By moving for leave to proceed IFP, Vafaiyan is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Vafaiyan argues that the defendants unconstitutionally detained him for purchasing a small quantity of methamphetamine from a Target store and singled him out based on his race. He contends that the district court erred in concluding that these claims were *Heck*-barred, as his allegations are unrelated to his money laundering conviction.

Vafaiyan is currently serving a life sentence for his money laundering conviction. *See Vafaiyan v. State*, 279 S.W.3d 374, 378 (Tex. Ct. App. 2008). Vafaiyan's allegations in the instant proceeding would imply the invalidity of his money laundering conviction because the drug charges were incorporated in the money laundering charge. As Vafaiyan has not demonstrated that a proper tribunal has held his conviction invalid, his claims are *Heck*-barred. *See Heck*, 512 U.S. at 486-87; *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). Vafaiyan has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Vafaiyan has one previous strike. *See Vafaiyan v. City of Wichita Falls, Texas,* 317 F. App'x 406, 408-09 (5th Cir. 2009). Because Vafaiyan has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.