# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2026

Lyle W. Cayce
Clerk

No. 25-30210
Summary Calendar

_____

Stanley Jordan,

*Plaintiff—Appellant*,

*versus*

American Security Insurance Company; NFIP Direct
Service Fountain Group Adjuster Wright National
Flood Insurance,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1208

_____

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Stanley Jordan moves to proceed *in forma pauperis* ("IFP") in his appeal from the dismissal without prejudice of a removed civil action relating to an insurance dispute. As to defendant American Security Insurance Company, the district court dismissed the action for insufficient service of process

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under Federal Rule of Civil Procedure 12(b)(5). As to the remaining defendant, the court dismissed because the plaintiffs had failed to effect timely service per Federal Rule of Civil Procedure 4(m) and to comply with its order to provide proof of service.

By moving to proceed IFP, Jordan challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We review that certification for abuse of discretion, *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982), inquiring "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Jordan contends, in abbreviated fashion, that he effected service before the March 28, 2025, deadline established by the district court and that he provided proof of such service to that court. "The plaintiff is responsible for having the summons and complaint served" within the time allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1); *see* Fed. R. Civ. P. 4(m). Where service of process is challenged, the serving party has the burden of proving its validity or good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990). Absent waiver of service, "proof of service must be made to the court. Except for service by a U.S. marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1).

Aside from pointing to attempts at service via FedEx deliveries to Gordon Serou, Jr., and Safe Point Insurance, Jordan makes no effort to challenge the dismissal. He has not made an arguable showing that his shipments to these parties constitute valid service of process on the named defendants under Federal Rule of Civil Procedure 4, nor has he made an arguable showing that he provided adequate proof of service to the district court. *See* Fed.

No. 25-30210

R. App. P. 4(*l*)(1).

In view of the foregoing, Jordan fails to demonstrate a nonfrivolous issue for appeal. Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.