# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10921

————————

Aisha Trimble,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1615

————————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Trimble sued the United States—not the named agencies whose actions she challenges—asserting claims under the Fifth Amendment, the Federal Tort Claims Act, and various civil and criminal statutes.

The Government later entered a "limited appearance" and filed a notice of deficient service. Under the Federal Rules of Civil Procedure, any mailed service of process to the United States Attorney must be addressed to

—————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the "civil-process clerk" of the United States Attorney's Office. FED. R. CIV. P. 4(i)(1)(A)(ii). Trimble, however, did not do so. Instead, she mailed the copy of the summons and complaint to the United States Attorney, not the civil-process clerk. Indeed, the mailing appears to have been signed by an individual named "O. Tonche" who was not employed at the United States Attorney's Office. As a result, the Office did not receive that mailing. Although the Office offered multiple times to accept service from Trimble, she made no further attempts.

The Government moved to dismiss on three grounds: insufficient service, lack of subject matter jurisdiction, and failure to state a claim. The magistrate judge recommended dismissal on all three grounds. And the district court dismissed her claims under the Fifth Amendment; the Federal Tort Claims Act; and 42 U.S.C. §§ 1983, 1985, and 1986 for lack of subject matter jurisdiction, and her remaining claims for insufficient service of process. The district court also "warn[ed] [Trimble] that if she persist[ed] in filing frivolous, baseless, or duplicative lawsuits, she may be barred from bringing new actions in the future or sanctioned monetarily."

We need only address insufficient service. We review a dismissal for insufficient service of process for abuse of discretion. *Lindsey v. U. S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). District courts have "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

Rule 4(m) requires dismissal without prejudice "if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure." *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017); FED. R. CIV. P. 4(m). Good cause requires a showing of "at least as much would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rule

No. 25-10921

usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citation and quotation omitted). And "[p]ro se status does not excuse a litigant's complete failure to effect service." *Id.*

We conclude that the district court did not abuse its discretion by dismissing for insufficient service of process. Trimble did not properly send the mailing to the civil-process clerk, nor did she provide any argument showing good cause. Despite repeated offers by Government counsel to accept service, and express concerns raised by both the magistrate judge and the district court regarding defective service, Trimble did not attempt to rectify the service.

Because Trimble insufficiently served the United States, we need not address the other grounds for dismissal. Dismissal without prejudice was well within the district court's discretion.

AFFIRMED.