**William Christopher SMITH, et al., Plaintiffs,**

v.

**Carl ATKINSON, et al., Defendants.**

**Civil Action No. 98–A–947–N.**

United States District Court, M.D. Alabama, Northern Division.

Oct. 29, 1998.

---

**2.** This would, of course, also bar the Plaintiff's section 1983 claim against the mayor and coun-

cil members, individually, even if they were not entitled to absolute legislative immunity.

W. Lee Pittman, Christopher A. Price, Birmingham, AL, for Plaintiffs.

Frank J. Stakely, William H. Webster, Montgomery, AL, for Defendants.

## *ORDER*

ALBRITTON, Chief Judge.

This cause is before the court on a motion to remand, filed by the Plaintiffs on September 30, 1998.

The Plaintiffs originally filed their complaint in the Circuit Court of Montgomery County, Alabama, on July 17, 1998, bringing claims against Defendants Carl Atkinson and Metropolitan Property & Casualty Insurance Company ("Met Property").

The Defendants filed a notice of removal on August 24, 1998, stating that this court has subject matter jurisdiction because there is complete diversity of citizenship of the parties and the jurisdictional amount has been met. The Plaintiffs subsequently filed their motion to remand, stating that the notice of removal was untimely filed.

■ A notice of removal must be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). In moving for remand, the Plaintiffs have argued that the Defendants were aware on July 22, 1998, when they purportedly received the summons and complaint in this case, that complete diversity of citizenship existed between the Defendants and the Plaintiffs. The Plaintiffs argue, therefore, that filing the notice of removal on August 24, 1998, was untimely because it was outside of the thirty-day period after receipt of service of the complaint. The Plaintiffs assert that because the notice of removal was untimely, this court is without jurisdiction.

■ The court first notes that "untimeliness of removal is a procedural, instead of a jurisdictional, defect." *In re the Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir.1997). Consequently, petitioning for removal outside of the thirty day period is a defect in removal procedure which may be waived by failure to timely file a motion for remand. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n. 1 (11th Cir.1989). The Plaintiffs chose to challenge the removal on the basis that it was untimely. Unfortunately for the Plaintiffs, their challenge was itself untimely.

■ To be timely, a motion to remand based on an alleged defect in removal procedure must be filed within thirty days of the notice of removal. 28 U.S.C. § 1447(c) (a "motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). In this case, the Plaintiffs filed their Motion to Remand on September 30, 1998, which was more than thirty days after the Defendants filed their notice of removal on August 24, 1998. Because the only basis for the motion to remand was a procedural defect, filing the motion to remand outside of

**1268**

the thirty-day period after the notice of removal had been filed was too late. The motion to remand is, therefore, due to be denied.

Accordingly, it is hereby ORDERED that the motion to remand is DENIED.