RUSSELL PETROLEUM
CORPORATION, etc.,
Plaintiff,

v.

ENVIRON PRODUCTS, INC.,
et al., Defendants.

Civil Action No. 2:04cv440–T.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 10, 2004.

James Michael Cawley, Jr., DeHay & Elliston LLP, Houston, TX, Joel Kevin Gregg, Ronald W. Russell, Capouano Beckman & Russell LLC, Montgomery, AL, L. Cooper Rutland, Jr., Rutland & Braswell, Union Springs, AL, Nicola Thompson Drake, Birmingham, AL, Russell J. Drake, Vivian Vines Campbell, Whatley Drake, LLC, Birmingham, AL, Whatley Drake LLC, Birmingham, AL, Wesley L. Laird, Laird Baker & Blackstock PC, Opp, AL, for Plaintiff.

Alfred F. Smith, Jr., James William Davis, Sela Elizabeth Stroud, Bainbridge Mims Rogers & Smith, Birmingham, AL, for Environ Products, Inc., defendant.

Jacob Michael Tubbs, John Mann Johnson, Philip McCall Bridwell, Lightfoot Franklin & White LLC, Birmingham, AL, for Atofina Chemicals, Inc., defendant.

James Eugene Williams, Melton Espy & Williams, PC, Montgomery, AL, Wade Hampton Baxley, Ramsey, Baxley & McDougle, Dothan, AL, for Ken's Sales and Services Co., Inc., defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Russell Petroleum Corporation commenced this lawsuit on August 12, 2003, in the Circuit Court of Montgomery County, Alabama against defendants Environ Products, Inc.; ATOFINA Chemicals, Inc.; Ken's Sales and Services Company, Inc.; and other defendants who have since been dismissed. Russell brings various state-law claims arising out of the sale and installation of Enviroflex flexible piping manufactured by Environ. Russell seeks to represent itself and all "motor fuel dispensing facility owners similarly situated in the United States." On May 6, 2004, defendant ATOFINA removed the lawsuit to this court in reliance on on 28 U.S.C.A. § 1446, claiming that Ken's, the only non-diverse defendant, was fraudulently joined and thus that federal diversity-of-citizenship jurisdiction existed. This cause is now before the court on Russell's motion to remand. For the reasons that follow, the motion to remand will be denied.

### I. Remand Standard

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). A federal court may hear a case only if it is authorized to do so by the United States Constitution or by Con-

gress. *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. A federal court may assert jurisdiction where the amount in controversy exceeds $ 75,000, exclusive of costs and interests, and the parties are citizens of different States. 28 U.S.C.A. § 1332(a). When an action is filed in state court, but the amount in controversy is sufficient and there is complete diversity, federal law gives the defendant the right to remove the action to federal court. 28 U.S.C.A. § 1446.

Because removal raises significant federalism concerns, the removal statute must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). All doubts about federal-court jurisdiction must be resolved in favor of a remand to state court. *Burns,* 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to prove federal-court jurisdiction. *Id.*

## II. Background

Russell, a citizen of Alabama, is a corporation that operates gas stations and convenience stores. Environ, a citizen of Delaware and North Carolina, manufactures thermostatic flexible piping that is used to transport gasoline from underground storage tanks to dispenser pumps. ATOFINA, a citizen of Pennsylvania, manufactures a material called Kynar, which it sells to Environ; Environ uses Kynar to make the innermost layer of its flexible pipes. Ken's, a citizen of Alabama, installs flexible piping.

In 1998, Russell contracted with Ken's for Ken's to install Environ's pipes at several of its gas stations and convenience stores. Russell contends that it chose Environ pipes based on Ken's recommendation. Ken's installed the pipes in 1998 and 1999. Russell now contends that Environ's pipes are defective and prone to leaking. Russell's complaint states ten causes of action, two of which—negligence and wantonness—are against Ken's.[1] None of the pipes that Ken's installed for Russell has required any repairs, but Russell is worried that the pipes will need to be repaired or replaced in the future.

## III. Discussion

Because Ken's and Russell are both citizens of Alabama, complete diversity of citizenship does not exist—unless Ken's is not a proper defendant. ATOFINA and Environ contend that Ken's was fraudulently joined. If a defendant was fraudulently joined, its citizenship is not considered for the purpose of determining diversity jurisdiction. A removing party who alleges fraudulent joinder "has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998) (citations omitted). The burden of establishing fraudulent joinder "is a heavy one"; if the plaintiff states "even a colorable claim against the resi-

---

1. Russell's ten causes of action are negligence, wantonness, breach of warranty of fitness for a particular purpose and merchantability, misrepresentation, suppression of material facts, deceit, negligent and/or wanton design, negligent and/or wanton manufacturing, negligent and/or wanton distribution of a dangerous product, and strict liability.

During oral argument Russell asserted that some of its claims other than negligence and wantonness were also against Ken's. However, a review of Russell's complaint reveals that this is not the case. Russell's counts one and two are asserted against Ken's; counts three through ten are explicitly asserted "against all Defendants except Ken's." Complaint, Attachment to Notice of Removal, filed May 6, 2004 (Doc. no. 1).

dent defendant, joinder is proper and the case should be remanded to state court." *Id.* A district court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor". *Id.*

Here, Environ and ATOFINA argue that Ken's was fraudulently joined because there is no possibility that Russell can establish a cause of action against Ken's. They assert three reasons for this: (1) none of Russell's designated representatives could provide a factual basis for Russell's claims against Ken's; (2) Russell's claims against Ken's are barred by the statute of limitations; and (3) if the limitations period has not run, then Russell's actions against Ken's have not yet accrued.

Although Russell has responded to the charge that there is no factual basis for the claims against Ken's, Russell has not responded at all to the defendants' other two arguments. Indeed, after holding an oral argument on the motion to remand on July 13, this court issued an order requiring Russell to submit "caselaw in support of its response to ALL of the defendants' arguments," and Russell responded that it had "found no additional case law which would be helpful to the court."[2]

The court agrees with Environ and ATOFINA that Russell's claims against Ken's are either time-barred or have not yet accrued.[3] Ken's installed Environ piping at four of Russell's facilities in 1998 and 1999. Russell's two claims against Ken's, negligence and wantonness, both have statutes of limitations of two years. 1975 Ala.Code 6–2–38.

 Under Alabama law, the statute of limitations begins to run when the cause

of action "accrues," which occurs "as soon as the party in whose favor it arises is entitled to maintain a cause of action thereon," even if the "full amount of damages" is not apparent at the time the legal injury occurs. *Spain v. Brown & Williamson Tobacco Corp.,* 872 So.2d 101, 114 (Ala.2003). There is no "discovery rule" for negligence or wantonness claims under Alabama law; thus, even if Russell did not discover its injury until after it occurred, that fact does not delay the beginning of the statute of limitations. *Henson v. Celtic Life Ins. Co.,* 621 So.2d 1268, 1274 (Ala. 1993). Neither does ignorance toll the statute of limitations, at least as long as there is no fraudulent concealment by the defendant; and Russell has not alleged that Ken's fraudulently concealed any harm. *Ex parte Floyd,* 796 So.2d 303, 307 (Ala.2001).

 However, under Alabama law, the "legal injury" does not always occur when the "act complained of" occurs. In some cases, the plaintiff's injury "only comes as a result of, and in furtherance and subsequent development of, the act defendant has done." *Ex parte Floyd,* 796 So.2d 303, 308 (Ala.2001) (*quoting Garrett v. Raytheon Co.,* 368 So.2d 516, 518–19 (Ala. 1979)). For instance, Environ and ATO-FINA cite to the case of *Smith v. Medtronic, Inc.,* 607 So.2d 156, 160 (Ala.1992), which involved a defective pacemaker. The court there held that although the pacemaker was implanted in 1981 and its defect was discovered in 1984, the "injury-causing malfunction" did not occur until 1990, when the plaintiff underwent surgery as a result of the defect. *See also Pfizer, Inc. v. Farsian,* 682 So.2d 405, 407 (Ala. 1996) ("Under Alabama law, [a plaintiff's]

---

**2.** Order, entered July 13, 2004 (Doc. no. 17); Notice, filed July 14, 2004 (Doc. no. 22).

**3.** For this reason, it is not necessary to address Environ and ATOFINA's other argument, namely that there is no factual basis for Russell's claims against Ken's.

fear that his [heart] valve could fail in the future is not, without more, a legal injury sufficient to support his claim."); *Southern Bakeries, Inc. v. Knipp*, 852 So.2d 712 (Ala.2002) (holding that oven removers did not have any present injury from oven owner's alleged fraudulent behavior in concealing fact that oven contained asbestos, where remover had not sought any medical care and did not plan to get any psychological treatment or counseling for the distress).

[9] Here, Russell's negligence and wantonness causes of action against Ken's either accrued on the date when Ken's installed the allegedly defective pipes, or will accrue in the future when and if an "injury-creating malfunction" occurs. If it is the former, then Russell's claims against Ken's are time-barred because Russell did not bring this suit until August 12, 2003, more than two years after the installations occurred. If it is the latter, then Russell's claims against Ken's have not yet accrued.

 When the plaintiff's claims against a resident defendant are barred by the statute of limitations, there is "no possibility the plaintiff can establish a cause of action against the resident defendant," and thus the resident was fraudulently joined. *Owens v. Life Ins. Co. of Georgia*, 289 F.Supp.2d 1319, 1325 (M.D.Ala.2003) (Fuller, J.) (citations omitted). In the alternative, as explained above, under Alabama law there is no possibility that a plaintiff can establish a cause of action against a defendant where no injury has actually occurred yet; the cause of action has not yet accrued in such a case. It is not necessary for this court to choose between these two alternative scenarios, because in either case there is no possibility that Russell can establish a cause of action against Ken's, and thus Ken's was fraudulently joined.

The court notes that there appear to be some procedural problems with the defen-

dants' removal of this case. First, it appears from the record that not all of the defendants joined in or consented to removal, as is required. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir.2001) ("[T]he law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court.") (citations omitted). Second, it is not clear from the record why the defendants could not have discovered that the case was removable until eight or nine months after the case was initially filed, especially to the extent that their argument as to why Ken's was fraudulently joined was based on the statute of limitations. Defendants must remove a case within 30 days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b).

 However, Russell did not point out these procedural defects, either in its motion to remand or otherwise. While a district court must remand a case to state court at any point before final judgment if it appears that it lacks subject-matter jurisdiction, a motion to remand a case on the basis of procedural defects in the removal procedure must be made within 30 days of the removal. 28 U.S.C.A. § 1447(c). Both the failure to include all defendants in a removal petition and untimeliness of removal are procedural, not jurisdictional, defects. *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1410 and n. 2 (11th Cir.1997) (failure to join all defendants); *In re the Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir.1997) (untimeliness of removal). It has now been more than 30 days since this case was removed; thus, if Russell were now to file a motion to remand based on these proce-

dural defects, the motion would be untimely. *Smith v. Atkinson*, 24 F.Supp.2d 1266 (M.D.Ala.1998) (Albritton, C.J.). Similarly, a district court cannot sua sponte remand a case for procedural defects in the removal procedure more than 30 days after the case has been removed. *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d at 1410–11.

Accordingly, it is ORDERED as follows:

(1) Plaintiff Russell Petroleum Corporation's motion to remand, filed June 4, 2004 (Doc. no. 7), is denied.

(2) Defendant Ken's Sales and Services Company, Inc. is dismissed.

### ORDER

This cause is now before the court on plaintiff Russell Petroleum Corporation's motion to reconsider this court's order denying Russell's motion to remand. For the reasons that follow, this motion will be denied.

In its motion to reconsider, Russell makes several arguments that it has never before made to this court in support of its motion to remand. This court held an oral argument on Russell's motion to remand on July 13, 2004, and at that time Russell had no response to two of the defendants' arguments as to why remand was inappropriate. Indeed, after the oral argument, this court issued an order requiring Russell to submit "caselaw in support of its response to ALL of the defendants' arguments," [4] and Russell responded that it had "found no additional case law which would be helpful to the court." [5] Now, however, Russell advances several new arguments. But "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir.1997).

Further, for the reasons stated in this court's denial of the motion to remand, there is no merit to Russell's argument that defendant Ken's Sales and Service Company, Inc. was not fraudulently joined. The court also finds no merit to Russell's other arguments.

For the foregoing reasons, the motion to reconsider, filed by plaintiff Russell Petroleum Corporation on July 23, 2004 (Doc. no. 25), is denied.

---

4. Order, entered July 13, 2004 (Doc. no. 17).

5. Notice, filed July 14, 2004 (Doc. no. 22).