**Daniel M. JONES Plaintiff**

v.

**HARTFORD FIRE INSURANCE COMPANY; Hartford Insurance Company; Hartford Accident Insurance Company and Juan S. Sebastian Defendants**

**No. CIV.A. 3:04CV318BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 1, 2004.

John Hunter Stevens, Grenfell, Sledge & Stevens, Jackson, MS, for Daniel M. Jones, plaintiff.

John P. Sneed, Justin L. Matheny, Phelps Dunbar, Jackson, MI, for Hartford Fire Insurance Company, Hartford Insurance Company, Hartford Accident Insurance Company, Juan S. Sebastian, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

Before the Court is Plaintiff's Motion to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and opposing and supporting authority, the Court finds the Motion is not well taken and it should be denied.

### Facts

This case arises out of an automobile accident which occurred on July 18, 2000, in Madison County, Mississippi. Defendant Juan S. Sebastian ("Sebastian") rear-ended Plaintiff Daniel M. Jones ("Jones"). Jones has brought this suit against Sebastian and his uninsured motorist insurer, Hartford.

█ The issue in this cause concerns the timing of removal. Defendants, Hartford Fire Insurance Company, Hartford Insurance Company, and Hartford Accident Insurance Company ("Defendants" or "Hartford Defendants"), argue that Defendant Sebastian was improperly joined in this action. Defendants argue there are two reasons Sebastian was improperly joined. First, Plaintiff allowed the statute of limitations to expire before serving Sebastian with process.[1] Second, Sebastian is actually a Texas resident, and hence, does not destroy complete diversity. Plaintiff, however, argues that the time to remove has long since passed. Plaintiff argues that, at the latest, Defendant should have filed the Notice of Removal thirty days from when the statute of limitations expired.

A time-line of pertinent facts is necessary.

- **July 18, 2000.** Date of automobile accident.

- **April 25, 2003.** Plaintiff filed Complaint.

- **May 1, 2003.** Plaintiff's counsel wrote the Circuit Clerk of Hinds County informing her that he had served "each" defendant "in the above referenced

---

1. Under Mississippi law, if a plaintiff files a complaint before the statute of limitations expires, the limitation period is tolled until the end of the time period (120 days) within which plaintiff must serve the defendant with process. At the end of 120 days, if plaintiff has not served defendant with process, the limitation goes into effect. *Fortenberry v. Memorial Hospital at Gulfport, Inc.*, 676 So.2d 252, 254 (Miss.1996); *See also Erby v. Cox*, 654 So.2d 503, 504–505 (Miss.1995).

matter." However, he also stated that he was providing "three (3) copies" as proof of this service.[2] Since there are four Defendants, not three, "in the above referenced matter," it would have been impossible for Counsel of have served "each" defendant.

- **May 5, 2003.** Proofs of Service of Process were filed in the Hinds County Circuit Court for the three Hartford Defendants, but not Sebastian.

- **July 18, 2003.** The three year statute of limitations expired for Plaintiff's claims against Sebastian.

- **August 25, 2003.** The 120–day time limit to serve Sebastian with process expired.[3]

- **April 22, 2004.** Service of Discovery Requests were filed with the Hinds County Circuit Court. The Hartford Defendants claim these Service of Discovery Requests are "other papers" which first notified them that Plaintiff had no intention of pursuing claims against Sebastian.

- **April 26, 2004.** Notice of Removal was filed in this Court.[4]

### Analysis

The issue in this case concerns 28 U.S.C. § 1446(b). Specifically, this case turns upon what actions do or do not qualify as "other paper" under that provision. The provision reads:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*If the case stated by the initial pleading is not removable,* a notice of removal may be filed **within thirty days** after **receipt by the defendant,** through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id.* (emphasis added).

Defendants argue they first became aware the case was removable when they received the Service for Discovery Requests. That was on April 22, 2004, shortly before one year from the filing of the Complaint. The Certificate of Service for those Requests notes that copies were sent *only* to Hartford Defendants, and not to Sebastian. This, Defendants argue, made

---

2. Letter from Plaintiff's Counsel to Barbara Dunn, Circuit Clerk of Hinds County, of May 1, 2003.

3. As noted above in footnote 1, because Plaintiff filed his Complaint on July 18, 2003, before the running of the statute of limitations, the limitations period was tolled until the end of the time period within which to serve Sebastian with process, which was August 25, 2003.

4. Although the Notice of Removal was technically filed one year and a day from the filing of the complaint, it was timely. Fed.R.Civ.P. 6(a) and Miss. R. Civ. P. 6(a) explicitly provide that "[t]he last day of the period so computed shall be included, *unless* it is a Saturday, a Sunday...." (Emphasis added). April 25, 2004 was a Sunday. Therefore, April 26, 2004, was the last permissible day to file the Notice of Removal.

them aware Plaintiff had no intention of pursuing his claim against Sebastian, and that, therefore, Sebastian was improperly joined. Counsel for the Hartford Defendants also spoke with a deputy clerk at the Hinds County Circuit Court, who stated she could not find a return of service for Sebastian. Defendants filed their Notice of Removal promptly after receiving the Service for Discovery Requests and speaking with the deputy clerk.

Defendants argue the Service for Discovery Requests serve as "other paper" from which they first ascertained that the case had become removable. Therefore, argue Defendants, they timely filed the Notice of Removal, since it was within thirty days from when they could first ascertain the case was removable, and it was within one year from the filing of the Complaint.

Plaintiff argues the thirty day time period was triggered when the statute of limitations barred his claims against Sebastian. The expiration of the statute of limitations triggered the time period because, Plaintiff argues, his voluntary action of not serving Sebastian with process and allowing the statute of limitations to expire constituted "other paper" from which Defendants should have known to remove.[5] The statute of limitations expired at the end of the time period to serve Sebastian with process, which was August 25, 2003. Therefore, according to Plaintiff's argument, the very latest Defendants could remove this case was September 24, 2003.

Both Plaintiff and Defendants ask this Court for an odd application of the term "other paper."

There is scant jurisprudence discussing the application of the term "other paper" to facts similar to these. But while there is little case law discussing the application of the term, its definition has remained constant. "Other paper" is continually defined as "the *voluntary act of a plaintiff* which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000) (emphasis added). Further, the defendant's subjective knowledge cannot convert a case into a removable action. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992) (holding that, in the context of an amount in controversy dispute, a defendant's subjective knowledge that the claims are worth more than the jurisdictional amount does not constitute "other paper" triggering the 30 day time period for removal); *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

■ Applying this definition to these facts is problematic. Plaintiff argues that the expiration of the time period for service of process is an "other paper," which, in this case, should have alerted the defendant that the case was removable. Plaintiff's argument does not rely on any information contained in the service of process papers. Those papers, in any given case, simply do not tell a defendant whether or

---

**5.** Plaintiff does not explicitly make this argument, but by arguing in generalities concerning the law of removal/remand, he implicitly makes this argument. Moreover, the Court notes that, in this case, the statute of limitations expired on the day the 120 day period to serve process expired. The court is aware that "the fact the resident defendant has not been served with process does not justify re-

moval by the non-resident defendant." *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). While on first glance Plaintiff seems to be arguing exactly that, he is actually arguing something quite different. He is arguing that because not serving Sebastian with process *caused the claim to be time barred,* the lack of service provided a removable action.

not that particular case is removable. They do not even tell a defendant who else has been served. Thus, this argument, on its own, cannot pass muster.

But implicitly Plaintiff's argument relies on something deeper. That is, Plaintiff argues that the necessary "voluntary act" was his decision to allow the statute of limitations to expire by not serving Sebastian. In other words, he argues his decision to not take action against Sebastian was a "voluntary act." That may be so, but there is still a logical gap between this voluntary act and the service of process papers serving as "other papers" making it first ascertainable the case is removable.

This Court thinks the only one way to close that logical gap would be to impose a duty on defendants. In short, when defendants are served with process, they would have a duty to familiarize themselves with the applicable statute(s) of limitations. In this case, Defendants would have to exercise due diligence and discover that the statute of limitations for the claim against Co–Defendant Sebastian expired on July 18, 2003.[6] Therefore, Defendants would know that if by August 25, 2003, the day the 120 day service of process period expired, Plaintiff had not served Sebastian with process, the case would be removable. Defendants would then have a duty to monitor Co–Defendant Sebastian to see if Plaintiff failed to serve him. If so, Defendants would have thirty days to remove. Only with this duty could service of process papers serve as "other papers" from which it is first ascertainable that a case is removable.

This Court is aware of only one other district court that has faced this argument under virtually identical circumstances. In *Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F.Supp.2d 1228 (M.D.Ala.2004), the defendants argued that the joined non-diverse defendant was improperly joined because the statute of limitations barred plaintiffs claims against him. The district court agreed. *Id.* at 1231–32.

The district court proceeded to note that, just as in this case, the complaint was filed on August 12, 2003, and that the defendant did not remove until May 6, 2004. *Id.* at 1232–33. The court stated that "there appear to be some procedural problems with the defendants' removal of this case [i.e., the timing of removal]." *Id.* It then went on to state the following:

> [I]t is not clear from the record why the defendants could not have discovered that the case was removable until eight or nine months after the case was initially filed, especially to the extent their argument as to why [the non-diverse defendant] was fraudulently joined was based on the statute of limitations. Defendants must remove a case within 30 days after 'receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b).

*Id.*

The court did not elaborate on the logical connection between "other paper", service of process papers, and applicable statutes of limitations, but simply made this hint in dicta that it did believe there is a connection.

The *only reason* the court did not find the defendant's removal untimely was *because plaintiff did not object to the removal as being untimely.* *Id.* at 1233–34. Here, the Plaintiff has objected, and this

---

**6.** From the briefings before the Court it is unclear whether or not Defendants actually knew the statute of limitations had expired.

Court, to its knowledge, must decide the issue for the first time.

■ For the Court to side with Plaintiff, it would effectively allow Plaintiff to have "snookered" the Defendants.[7] Heretofore there was no case law providing Defendants with a duty to exercise due diligence and discover whether or not Plaintiff had served each and every named co-defendant with process, thereby discovering if a party was improperly joined. Plaintiff in this case does appear to have constructed a trap for Defendants. Plaintiff waited until almost the end of the statute of limitations period to file this suit and then waited until almost the end of the one year removal period before it served Defendants with discovery requests. Only then did Defendants become aware that Plaintiff had no desire to pursue a claim against Sebastian.

On the other hand, it would have taken very little effort for Defendants to have learned that Sebastian had never been served with process. A simple phone call to the court clerk would have sufficed. As all the parties to this action are aware, plaintiffs often name a non-diverse defendant solely so that they can pursue their claims in state court. That is their right. As a result of this strategy, the issue that is often raised is whether the named non-diverse defendant was improperly joined in an attempt to avoid federal jurisdiction. With this context of strategy in mind, the Court believes that Defendants in this case should have been suspicious from the day this action was filed that Sebastian was improperly joined.

■ With these countervailing considerations in mind, the Court returns to the language of § 1446(b), which states "a notice of removal may be filed within thirty days after *receipt by the defendant* . . . of . . . other paper . . . ." To require a defendant to take investigative steps to discover if the plaintiff has laid a trap is quite different from defendant's receiving something from the plaintiff which indicates affirmatively that the case has become removable. The Court finds that the failure of Plaintiff to serve a Co–Defendant did not constitute the receipt by the Defendants of an "other paper" and did not trigger the thirty day removal period. The Court further finds that the Service on Defendants of Plaintiff's Discover Requests did constitute a receipt by Defendants of an "other paper" from which it could first be ascertained that their case was removable. Therefore, Defendants removal of this action was timely.

Supporting the ruling is case precedent in an analogous situation. Defendants *do not* have a duty to discover the amount in controversy, and even if they do have knowledge that the amount in controversy exceeds the jurisdictional minimum, that knowledge cannot trigger the 30 day period to remove. *Chapman,* at 162–63 (finding that defendants do not have a duty to exercise due diligence in determining the amount in controversy when the plaintiff does not plead a specific amount, and that, therefore, the 30 day time period for removal does not begin when a defendant receives a complaint that does not specify damages); *See also S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996).

As an additional matter, the Court is aware of the uncontroverted evidence demonstrating that Sebastian was a Texas resident at the time of the filing of the Complaint, therefore destroying diversity. When Plaintiff filed his Complaint, he used the Mississippi Uniform Accident Report

---

7. To be "snookered" is for someone to have led you into a situation in which all possible choices are undesirable. In short, it is a trap. The term is derived from a game of pocket billiards.

("Report") to determine the residency of Sebastian. The Report, which is attached as Exhibit "A" to Plaintiff's Motion to Remand, was completed at the time of the accident. It indicates that at the time of the accident, Sebastian was a Mississippi resident. Defendants have since learned that at the time of the filing of this Complaint, Sebastian was and still is a Texas resident. Defendants argue that when Plaintiff joined a Texas resident and stated he was a Mississippi resident, he committed an "actual fraud" in the pleadings.[8]

As the Court noted in *Randle v. Smith-Kline Beecham Corp.*, 338 F.Supp.2d 704, 707 n. 4 (S.D.Miss.2004), this Court is not aware of another case in which a court discusses actual fraud in the context of a motion to remand. The Court need not and does not reach the question in this case as to whether Plaintiff's actions amount to actual fraud, as the Court has previously determined the Motion to Remand should be denied on other grounds. Although the Court does not reach the question, it believes Plaintiff's actions would fall short of such a finding. Among the reasons for such a finding would be that Plaintiff reasonably relied upon the Report when attempting to determine the residency of Sebastian. The Court simply discusses the issue to note that at the time of the filing of the Complaint, Sebastian was a resident of Texas.

### Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [2–1] is not well taken and is hereby denied.

---

8. To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).